1  Jeff S. Pitzer, OSB No. 020846
   Email: jpitzer@pitzerlaw.net
2  Peter M. Grabiel, OSB No. 171964
   Email: pgrabiel@pitzerlaw.net
3  PITZER LAW
   210 SW Morrison St., Suite 600
4  Portland, OR 97204
   Telephone: 503-227-1477
5
6  Attorneys for Plaintiff Debra Powell

7                    UNITED STATES DISTRICT COURT

8                        DISTRICT OF OREGON

9                        PENDLETON DIVISION

10

11

12  **DEBRA POWELL,** an individual          Case No. 2:19-cv-1077

13              Plaintiff,

            vs.                             **COMPLAINT**

14
                                            **(For Conversion, Replevin, Unjust Enrichment,**
15  **JOHN DENNIS RASMUSSEN**, an            **Breach of Fiduciary Duty, Waste of Corporate**
    individual, **COLTON RASMUSSEN**, an     **Assets and Shareholder Remedies Under ORS §**
16  individual, **IAN RASMUSSEN**, an        **60.952)**
    individual, and **HEIDI RASMUSSEN**, an
17  individual,
                                            **DEMAND FOR JURY TRIAL**
18              Defendants,

19              and

20  **TERRA-MAGIC, INC.**, an Oregon
    corporation, and **TERRA-MAGIC**
21  **SEEDS, LTD.**, an Oregon corporation,

22              Nominal Defendants.

23

Page 1    **COMPLAINT**

1    For her Complaint against Defendants John Dennis Rasmussen (referred to herein

2  as "Dennis Rasmussen"), Colton Rasmussen, Ian Rasmussen and Heidi Rasmussen (together, the

3  "Rasmussen Defendants") and derivatively on behalf of Nominal Defendants Terra-Magic, Inc.

4  and Terra-Magic Seeds, Ltd. (together, "Nominal Defendants"), Plaintiff Debra Powell states as

5  follows:

6                                     **PARTIES**

7                                        1.

8    Debra Powell is a resident of Arapahoe County, Colorado and is the sister of

9  Defendant Dennis Rasmussen.  At all times relevant herein, Mrs. Powell was a 50% shareholder

10  of both Terra-Magic, Inc. and Terra Magic Seeds, Ltd.

11                                       2.

12    Colton Rasmussen is a resident of Union County, Oregon and is the son of

13  Defendant Dennis Rasmussen, the nephew of Plaintiff, and the former farm manager for Terra-

14  Magic, Inc.  In his role as farm manager, Colton Rasmussen held himself out as, and was, a

15  representative of Terra-Magic, Inc. and Terra-Magic Seeds in its dealings with third parties,

16  including the state and federal government.  He had unlimited access to both entities' bank

17  accounts and used his authority to spend that money and borrow against the credit of both

18  companies.  Colton also hired and fired the companies' employees and made nearly every other

19  key decision involving the Terra-Magic farm for several years.

20                                       3.

21    John Dennis Rasmussen (known as Dennis) is a resident of Union County,

22  Oregon, the father of Defendants Colton Rasmussen and Ian Rasmussen, and the brother of

23

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

Plaintiff. At all times relevant herein, Dennis Rasmussen was a 50% shareholder, officer and director of both Terra-Magic, Inc. and Terra-Magic Seeds, Ltd.

4.

Ian Rasmussen is a resident of Union County, Oregon, the son of Defendant Dennis Rasmussen, and the nephew of Plaintiff. At all times relevant herein, Ian Rasmussen has been employed by Terra-Magic, Inc.

5.

Heidi Rasmussen is a resident of Union County, Oregon, the wife of Defendant Colton Rasmussen, and the daughter-in-law of Defendant Dennis Rasmussen.

6.

Nominal Defendant Terra-Magic, Inc. is an Oregon corporation with its principal place of business in Union County, Oregon.

7.

Nominal Defendant Terra-Magic Seeds, Ltd. ("Terra-Magic Seeds") is an Oregon corporation with its principal place of business in Union County, Oregon.

**JURISDICTION**

8.

This Court has personal jurisdiction over the Rasmussen Defendants and Nominal Defendants because they reside in this judicial district. Further, all of the Rasmussen Defendants participated in the intentional conduct set forth herein knowing that this conduct would inflict great damage and harm to Nominal Defendants in this judicial district.

Page 3    **COMPLAINT**

9.

This Court has jurisdiction over the subject matter of the state claims asserted herein pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship.

**DEMAND FUTILITY**

10.

The boards of directors of both Terra-Magic, Inc. and Terra-Magic Seeds have only two directors: Plaintiff Debra Powell and Defendant Dennis Rasmussen. In order to direct either of Nominal Defendants to file a lawsuit to protect its interests, an affirmative vote in favor of such action would be required by a majority of the directors of Terra-Magic, Inc. and/or Terra-Magic Seeds, which in each case means a unanimous vote. Dennis Rasmussen has long been aware, but has concealed from Plaintiff, that his son, and one-time farm manager, Colton Rasmussen, stole money from Terra-Magic, Inc., diverted products and equipment belonging to Terra-Magic, Inc. for his own and his wife's personal use, that he committed acts of fraud, including loan fraud, all while acting as farm manager of Terra-Magic, Inc. Many of these tortious acts were accomplished pursuant to a conspiracy between Colton and Dennis Rasmussen.

11.

Not only has Dennis Rasmussen failed to take legal action to protect Terra-Magic, Inc. from his son Colton, he affirmatively concealed his son's misconduct from Plaintiff -- the only other owner and director of Terra-Magic, Inc. -- all to the detriment of Terra Magic, Inc. Similarly, Dennis Rasmussen has known about his son Ian's and his daughter-in-law Heidi's taking of Nominal Defendants' property and their conversion of it for their own personal use, but

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

1   he has taken no legal action to protect Nominal Defendants from Ian and Heidi and, again, has

2   affirmatively concealed their misconduct from Plaintiff. Defendant Dennis Rasmussen himself

3   has also diverted or converted Nominal Defendants' money and property for his own personal

4   use, while conspiring with his children to commit the torts described herein. As such, in order

5   for Nominal Defendants to initiate and prosecute the claims set forth below, Defendant Dennis

6   Rasmussen would be required to vote in favor of prosecuting claims against himself and his own

7   children, which he has not done. In these circumstances, demanding the board of directors of

8   either Terra-Magic, Inc. or Terra-Magic Seeds take legal action against the Rasmussen

9   Defendants would be futile, and is why a demand on the board has not been made.

## FACTUAL BACKGROUND

11              12.

12         Terra-Magic, Inc. is a farming business that has been in the Plaintiff's family

13   since at least 1976.

14              13.

15         Plaintiff Debra Powell and her brother Dennis Rasmussen each currently owns

16   50% of Terra-Magic, Inc.

17              14.

        In 2003 and 2004, Mrs. Powell and Dennis Rasmussen founded Terra-Magic

18   Seeds Ltd., which is focused on seed processing. They each own 50% of Terra Magic Seeds.

19              15.

20         Among other significant assets, Terra-Magic Inc. owns an approximately 2,066

21   acre farm just outside La Grande, Oregon and several million dollars' worth of equipment

    required to operate that farm. Because Plaintiff lives in Colorado, it was agreed in the early

22   2000's that Dennis Rasmussen and his sons would manage Terra-Magic, Inc.'s business affairs

23   for the benefit of its owners, including running the Terra Magic, Inc. farm and the Terra-Magic

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

Seeds processing business. The Rasmussen Defendants have been running the day-to-day operations of these entities since that time. However, in recent years, the Rasmussen Defendants, and specifically Dennis Rasmussen, have come to dominate Terra-Magic, Inc. and Terra-Magic Seeds and control the companies in a manner that is antagonistic to Debra Powell and her rights as a shareholder.

16.

One or more of the Rasmussen Defendants, or all of them in concert, established a variety of entities in furtherance of the claims alleged herein. One entity was named ViraKopis Seed Company. It was formed to purchase commodities from Terra-Magic, Inc. on terms that, upon information and belief, permitted the Rasmussen Defendants to siphon the value of these commodities away from Terra-Magic, Inc. and to themselves.

17.

Another entity is named Oil Renewable Environmental Society ("O.R.E.S."). This entity was formed by Dennis Rasmussen. At various times, this entity was given custody of, and then sold, Terra-Magic, Inc.'s crops, thus diverting the proceeds to its owners rather than Terra-Magic, Inc. Upon information and belief, O.R.E.S. also used money diverted from Terra-Magic to make a down payment in the purchase of a farm at 64019 Ruckman Road Cove, Oregon (the "Ruckman Road Farm") on or about January 29, 2015. Colton Rasmussen and his family took possession of the Ruckman Road Farm at or about the same time. Colton Rasmussen, with the assistance and/or knowledge of the other Rasmussen Defendants, soon thereafter began diverting hundreds of thousands of dollars of Terra-Magic, Inc.'s resources to the Ruckman Road Farm, including fertilizer, chemicals, seed and equipment. Colton also used Terra-Magic, Inc.'s credit accounts with various vendors, again with the knowledge and/or assistance of the other Rasmussen Defendants, to improve the buildings and other infrastructure on the Ruckman Road farm. On or about August 18, 2018, Colton Rasmussen ostensibly purchased the Ruckman Road Farm from O.R.E.S., though not in an arms-length transaction, and

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

maintains title and possession today.  More than $100,000 dollars of Terra-Magic, Inc.'s equipment remains on the Ruckman Road Farm as of the filing of this Complaint, despite Plaintiff, on behalf of Terra-Magic, Inc., specifically requesting, in writing, that the equipment be returned to the Terra-Magic farm.

18.

Other entities formed by one or more of the Rasmussen Defendants include Earth, Energy and Humanity Society and Successors ("E.E.H.S.S." or "E.E.H.S."), Acquiring Resourceful Technologies Society ("A.R.T.S."), and Universal Laws Awareness and Enlightenment Society (U.L.A.E.S).  For unexplained reasons, checks were written to one or more of these entities drawn on Terra Magic, Inc.'s account.

19.

 In May 2019, Plaintiffs learned about the Rasmussen Defendants' conversion of money and property from Terra-Magic, Inc., and that it has been so extensive that at certain points in 2017 Terra-Magic, Inc. had run up debts of more than $500,000 and had little money in the bank at all.  In May 2019, it became clear that rather than ensuring that Terra Magic, Inc.'s bills were timely paid, the Rasmussen Defendants were instead looting Terra-Magic, Inc.  Dennis Rasmussen also disclosed only recently that Terra-Magic, Inc.'s former farm manager, Defendant Colton Rasmussen, was the subject of a federal criminal indictment a few years ago involving a federal commodity credit loan he caused Terra-Magic, Inc. to obtain against commodities it did not have.

20.

Defendant Dennis Rasmussen knew most or all of this, yet failed to disclose it to Nominal Defendants' other shareholder, Debra Powell.  Only recently, in May 2019, did Dennis reveal his knowledge of the torts alleged herein.  He knew he was obligated to share this information with Plaintiff when he learned of it, but intentionally concealed it to avoid liability for his own acts of conversion, and as a co-conspirator in the unlawful schemes of his sons.

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

21.

The theft inflicted upon Nominal Defendants, and Plaintiff, by the Rasmussen Defendants, took on many forms, including but not limited to the following:

- Direct embezzlement of Terra-Magic, Inc. and Terra-Magic Seeds funds;
- Personal use of Terra-Magic, Inc. credit accounts (*e.g.* purchasing fuel, vehicle insurance, paying for vehicle repairs, redecorating homes and buildings, etc.);
- Diverting the proceeds from the sale of crops away from Nominal Defendants;
- Conversion of products and equipment (*e.g.* the sale of equipment with proceeds diverted away from Terra-Magic, Inc. or the purchase of products, such as fertilizer, or equipment, like a John Deere Gator, with Terra-Magic, Inc.'s credit, but used on the Ruckman Road Farm);
- Soliciting and receiving a loan from Plaintiff ostensibly for the benefit of Terra-Magic, Inc., and to be repaid by Terra-Magic, Inc., but then causing Terra-Magic, Inc. not to repay the loan.

22.

In January 2018, Colton Rasmussen called Plaintiff seeking a $45,000 loan. Colton represented to Plaintiff this was needed in order for Terra Magic, Inc. to make its next loan payment. Colton represented to Plaintiff that she would be reimbursed for the loan with proceeds from Terra-Magic Inc.'s sale of grass seed and barley in the spring of 2018. On or about January 12, 2018, Plaintiff paid $45,590.04 directly to Farm Plus on behalf of Terra-Magic, Inc. The other Rasmussen Defendants knew about this loan and/or conspired with Colton to obtain it from Plaintiff. The Rasmussen Defendants have caused Terra-Magic, Inc. to not repay this loan. Upon information and belief, Terra-Magic, Inc. was unable to make the loan payment to Farm Plus without a loan from Plaintiff because the Rasmussen Defendants caused

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

the waste of, and/or fraudulently misappropriated for themselves, funds and other assets of Terra-Magic, Inc.

23.

Among other things, Colton Rasmussen caused Terra-Magic, Inc. to purchase a John Deere Gator for approximately $30,000. Colton later took possession of the vehicle and drove it to the Ruckman Road Farm. However, and upon information and belief, during a heavy rain event in early 2019, Colton abandoned the Gator in an area of the Ruckman Road Farm that was known to flood and did become flooded.

24.

At some point, Dennis Rasmussen removed Colton from his role as farm manager and purportedly re-assumed control over Terra-Magic, Inc.'s and Terra-Magic Seeds' business affairs himself. All information regarding Colton's theft, embezzlement, conversion and mismanagement was intentionally concealed from Plaintiff until May 2019.

25.

Defendant Dennis Rasmussen is now leasing the Terra-Magic farm to a third party for approximately $440,000 per year. Plaintiff was not informed of the decision to lease the property to a third party. Defendant Dennis Rasmussen has not shared the proceeds of this lease arrangement with Plaintiff, and upon information and belief, has misappropriated a portion those funds to himself and the other Rasmussen Defendants.

Page 9    **COMPLAINT**

26.

**First Claim for Relief**

**(Conversion)**

**(Derivatively on Behalf of Nominal Defendants)**

**(Against all Rasmussen Defendants)**

Plaintiff restates and re-alleges, as though fully incorporated herein, the allegations set forth in paragraphs 1-25 above.

27.

It has recently been discovered that the Rasmussen Defendants, through their ongoing misuse and misappropriation of Nominal Defendants' funds, commodities, products and equipment, have exercised dominion and control over property belonging to Nominal Defendants to the exclusion of Nominal Defendants.

28.

The manner in which all of the Rasmussen Defendants have exercised dominion and control over property belonging to Nominal Defendants exceeded their legal rights.

29.

The Rasmussen Defendants' unlawful exercise of dominion and control over property belonging to Nominal Defendants has seriously, in most cases entirely, interfered with the rights of Nominal Defendants to control such property.

30.

The Rasmussen Defendants may justly be required to pay Nominal Defendants the full value of the property they have taken, converted or otherwise unlawfully exercised dominion and control over.

31.

Defendant Dennis Rasmussen, in concert with other Rasmussen Defendants, conspired to convert Nominal Defendants' property and funds for his own and his children's

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

benefit.  Dennis acted in concert with the other Rasmussen Defendants to achieve this objective, and did achieve it, through the unlawful acts alleged herein, resulting in damages to Nominal Defendants in amount to be determined at trial, but estimated to be greater than $1 million.

32.

**<u>Second Claim for Relief</u>**

**(Replevin)**

**(Derivatively on Behalf of Nominal Defendants)**

**(Against all Rasmussen Defendants)**

Plaintiff restates and re-alleges, as though fully incorporated herein, the allegations set forth in paragraphs 1-31 above.

33.

Plaintiff has demanded, on behalf of Nominal Defendants, that all Terra Magic, Inc. equipment be returned to the Terra Magic farm.  That has not happened.

34.

It has recently been discovered that all of the Rasmussen Defendants have deprived Terra-Magic, Inc. of personal property, including but not limited to farm equipment.

35.

Terra-Magic, Inc. is entitled to recover possession of that property and/or receive compensation from the Rasmussen Defendants, and to injunctive relief if necessary to specifically require Colton Rasmussen to immediately return all Terra-Magic, Inc. property in his possession to the Terra-Magic farm.

Page 11   **COMPLAINT**

36.

**Third Claim for Relief**

**(Unjust Enrichment)**

**(Derivatively on Behalf of Nominal Defendants)**

**(Against all Rasmussen Defendants)**

Plaintiff restates and re-alleges, as though fully incorporated herein, the allegations set forth in paragraphs 1-35 above.

37.

Through their misuse and misappropriation of Nominal Defendants' monies and resources, all of the Rasmussen Defendants have conferred benefits upon themselves at the expense of Nominal Defendants.  As a result, the Rasmussen Defendants have been unjustly enriched in an amount to be determined at trial, but estimated to be greater than $1 million.

38.

Defendant Dennis Rasmussen, in concert with other Rasmussen Defendants, conspired with his children to unjustly enrich them and himself to the detriment of Nominal Defendants.  Dennis acted in concert with his children to achieve this objective, and did achieve it, through the unlawful acts alleged herein, resulting in damages to Nominal Defendants in amount to be determined at trial, but estimated to be greater than $1 million.

39.

Under these circumstances, it is unjust for the Rasmussen Defendants to retain the benefits they have secured for themselves at the expense of Terra-Magic, Inc. and Terra-Magic Seeds, and Nominal Defendants are entitled to a judgment in the amount of the benefits conferred as determined at trial.

Page 12   **COMPLAINT**

40.

Nominal Defendants are further entitled to a constructive trust or equitable lien upon all personal and real property purchased using Nominal Defendants' misappropriated monies or resources.

\*        \*        \*        \*        \*

41.

Debra Powell is entitled to an award of attorney fees and costs on all of the derivative claims set forth above and herein insofar as they confer a benefit on the Nominal Defendants, and also pursuant to the Bylaws of Terra Magic, Inc.

42.

**Fourth Claim for Relief**

**(Unjust Enrichment)**

**(Directly by Plaintiff Against All Rasmussen Defendants)**

Plaintiff restates and re-alleges, as though fully incorporated herein, the allegations set forth in paragraphs 1-41 above.

43.

Through their misuse and misappropriation of Nominal Defendants' monies and resources, all of the Rasmussen Defendants have conferred benefits upon themselves at the expense of Plaintiff, who has not received the distributions from Nominal Defendants she is entitled to and otherwise would have received.  As a result, the Rasmussen Defendants have been unjustly enriched in an amount to be determined at trial, but estimated to be greater than $1 million.

44.

Defendant Dennis Rasmussen, in concert with other Rasmussen Defendants, conspired to unjustly enrich himself and his children to the detriment of Plaintiff.  Dennis

Page 13    **COMPLAINT**

Rasmussen acted in concert with his children to achieve this objective, and did achieve it, through the unlawful acts alleged herein, resulting in untold damage to Mrs. Powell in amount to be determined at trial, but estimated to be greater than $1 million.

45.

Under these circumstances, it is unjust for the Rasmussen Defendants to retain the benefits they have secured for themselves at the expense of Plaintiff, and Plaintiff is entitled to a judgment in the amount of the benefits conferred as determined at trial.

46.

Plaintiff is further entitled to a constructive trust or equitable lien upon all personal and real property purchased using Nominal Defendants' misappropriated monies or resources.

47.

**Fifth Claim for Relief**

**(Breach of Fiduciary Duty)**

**(Derivatively on Behalf of Nominal Defendants)**

**(Against Dennis Rasmussen and Colton Rasmussen)**

Plaintiff restates and re-alleges, as though fully incorporated herein, the allegations set forth in paragraphs 1-46 above.

48.

As an officer, director and shareholder of Terra-Magic, Inc. and Terra-Magic Seeds, Defendant Dennis Rasmussen owed fiduciary duties to Nominal Defendants to exercise the utmost good faith and integrity in his dealings with and management of each entity's business affairs and monies, to disclose all transactions in which he or his family members personally benefitted, and to act reasonably so as not to impair the investment of each entity's other shareholders.  Pursuant to these duties, Dennis Rasmussen was prohibited from stealing

Page 14    **COMPLAINT**

from Terra-Magic, and from concealing material information about the harmful actions of the Rasmussen Defendants from Terra-Magic's other owner, the Plaintiff.

49.

As an employee acting as a manager, and agent of Terra-Magic, Inc. and Terra-Magic Seeds, Defendant Colton Rasmussen owed fiduciary duties to Nominal Defendants to exercise the utmost good faith and integrity in his dealings with and management of each entity's business affairs and monies, to disclose all transactions in which he or his family members personally benefitted, and to act reasonably so as not to impair the value of either entity. Pursuant to these duties, Colton Rasmussen was prohibited from stealing from Nominal Defendants, and from concealing material information about his and others' harmful actions from Nominal Defendants' directors and officers.

50.

Dennis Rasmussen breached his fiduciary duties to Nominal Defendants by, *inter alia*, doing each of the following:

a. Misappropriating and misusing Nominal Defendants' property, equipment and monies to benefit himself and his family to the detriment of Nominal Defendants;

b. Making improper and undisclosed distributions of Nominal Defendants' property, equipment and monies to himself and his family in excess of his and their agreed compensation;

c. Failing to disclose and/or concealing the misappropriation and/or misuse of Nominal Defendants' property, equipment and monies by him and/or his family from other Terra-Magic, Inc. and Terra Magic Seeds' directors;

d. Failing to disclose and/or concealing the grossly negligent and/or intentional mismanagement of Terra-Magic, Inc. by his son Colton Rasmussen from Terra-Magic, Inc.'s other directors; and

Page 15    **COMPLAINT**

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

e.  Failing to disclose and/or concealing the conversion, misappropriation, and other misconduct of his son Colton Rasmussen to the detriment of Nominal Defendants.

51.

Colton Rasmussen breached his fiduciary duties to Nominal Defendants by, *inter alia*, doing each of the following:

a.  Misappropriating and misusing Nominal Defendants' property, equipment and monies to benefit himself and his family to the detriment of Nominal Defendants;

b.  Making unauthorized and undisclosed distributions of Nominal Defendants' property, equipment and monies to himself and his family in excess of his compensation and other benefits;

c.  Failing to disclose and/or concealing from Nominal Defendants' directors the misappropriation and/or misuse of Nominal Defendants' property, equipment and monies by himself and/or his family;

d.  Failing to disclose and/or concealing from Terra Magic, Inc.'s and Terra Magic Seeds' directors his grossly negligent and/or intentional mismanagement of Nominal Defendants from their directors and officers; and

e.  Causing Terra-Magic, Inc. to participate in improper schemes to its detriment.

52.

Defendants Dennis and Colton Rasmussen acted in concert and conspired with each other to breach their fiduciary duties to the detriment of Nominal Defendants. They acted in concert with one another to achieve that objective, and did achieve it, through the unlawful acts alleged herein, resulting in damages to Nominal Defendants.

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

53.

As a result of Dennis Rasmussen's and Colton Rasmussen's breaches of their fiduciary duties, Nominal Defendants have suffered damages in an amount to be determined at trial, but estimated to exceed $1 million.

54.

Nominal Defendants are entitled to recover prejudgment interest pursuant to ORS § 82.010 on the monies Dennis Rasmussen and Colton Rasmussen misappropriated or diverted in violation of the fiduciary duties they owed to Nominal Defendants, accruing as of the date of each misappropriation or diversion.

55.

Nominal Defendants are entitled to injunctive relief preventing Dennis Rasmussen from engaging in any further abusive conduct or otherwise further breaching the fiduciary duties that he owes to Nominal Defendants.

56.

Debra Powell is entitled to an award of reasonable attorney fees and costs to the extent this derivative claim confers a benefit on Nominal Defendants, and pursuant to the terms of the operating agreements or bylaws of Terra-Magic, Inc. and Terra-Magic Seeds.

57.

### Sixth Claim for Relief

**(Breach of Fiduciary Duty)**

**(Directly by Plaintiff Against Dennis Rasmussen)**

Plaintiff restates and re-alleges, as though fully incorporated herein, the allegations set forth in paragraphs 1-56 above.

58.

As an officer, director and shareholder of Terra-Magic, Inc. and Terra-Magic Seeds, Defendant Dennis Rasmussen owed fiduciary duties to each of their shareholders,

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

including Plaintiff Debra Powell, to exercise the utmost good faith and integrity in his dealings with and management of Terra-Magic, Inc.'s and Terra-Magic Seeds' business affairs and monies, to disclose all transactions in which he or his family members personally benefitted, not to oppress the other shareholders, and to act reasonably so as not to impair the investment of each entity's other shareholders.  Pursuant to these duties, Dennis Rasmussen was prohibited from stealing from Terra-Magic, Inc. and Terra-Magic Seeds at the expense of its shareholders, from concealing material information about the harmful actions of the Rasmussen Defendants from their shareholders, and from obtaining any advantage over another shareholder in connection with Terra-Magic, Inc.'s and Terra-Magic Seeds' affairs.

59.

Dennis Rasmussen breached his fiduciary duties to Nominal Defendants' other shareholder, Plaintiff, by, *inter alia*, diverting Terra-Magic, Inc.'s profits to himself and his family rather than causing Terra-Magic, Inc. to equitably distribute the company's profits to all shareholders, including Plaintiff.

60.

As a result of Dennis Rasmussen's breach of his fiduciary duties, Plaintiff has suffered damages in an amount to be determined at trial, but estimated to exceed $1 million.

61.

Plaintiff is entitled to recover prejudgment interest pursuant to ORS § 82.010 on the monies Dennis Rasmussen misappropriated or diverted in violation of the fiduciary duties owed to Plaintiff, accruing as of the date of each misappropriation or diversion.

62.

Plaintiff is entitled to injunctive relief preventing Dennis Rasmussen from engaging in any abusive and oppressive conduct or otherwise further breaching the fiduciary duties that he owes to Nominal Defendants' other shareholder, Plaintiff Debra Powell.

Page 18    **COMPLAINT**

63.

**Seventh Claim for Relief**

**(Waste of Corporate Assets)**

**(Derivatively on Behalf of Nominal Defendants)**

**(Against Dennis Rasmussen and Colton Rasmussen)**

Plaintiff restates and re-alleges, as though fully incorporated herein, the allegations set forth in paragraphs 1-62 above.

64.

Dennis Rasmussen, as a shareholder, director and officer of Terra-Magic, Inc. and Terra-Magic Seeds, at all relevant times owed fiduciary duties to Nominal Defendants. Colton Rasmussen, as an employee acting as a manager and agent of Terra-Magic, Inc. and Terra-Magic Seeds, also owed fiduciary duties to Nominal Defendants. These fiduciary duties include the duty of loyalty, good faith and due care in the administration of the affairs of Terra-Magic, Inc. and Terra-Magic Seeds.

65.

In addition to the intentional and improper conduct set forth herein, Colton Rasmussen's management of Terra-Magic, Inc.'s and Terra-Magic Seeds' business affairs was grossly negligent and disloyal in violation of his fiduciary duties. As of May 15, 2019, the company's offices were littered with piles of unopened bills from creditors (including letters from the IRS threatening both companies with significant penalties) dating back to the era when Colton was the farm manager of Terra-Magic, Inc. and responsible for its, and Terra-Magic Seeds' day-to-day operations and administration.

66.

Through his gross negligence and disloyal conduct, Colton caused Nominal Defendants to waste valuable corporate assets and suffer thousands of dollars in financial damages in the form of interest and penalties.

Page 19   **COMPLAINT**

67.

Dennis Rasmussen has been aware, or should have been aware, that Colton Rasmussen's management of Nominal Defendants business affairs was grossly negligent and harming Nominal Defendants.  He was also aware, to the extent he was not conspiring with Colton to achieve them, of the numerous schemes being perpetrated by his children to enrich themselves to the detriment of Nominal Defendants.  Yet Dennis Rasmussen intentionally concealed this information from the other shareholder, Plaintiff Debra Powell, and did not take measures to adequately protect Nominal Defendants.

68.

Defendants Dennis Rasmussen and Colton Rasmussen acted in concert and conspired to waste corporate assets.  They achieved this objective through the unlawful acts alleged herein resulting in damages to Nominal Defendants.

69.

As a direct and proximate cause of Dennis and Colton Rasmussen's intentional and/or negligent conduct in violation of their fiduciary duties, they have caused Nominal Defendants to waste valuable corporate assets, including needlessly suffering direct financial damage in an amount to be determined at trial, but estimated to exceed $1 million, as well as potentially causing Nominal Defendants to forego certain claims against the Rasmussen Defendants, and damage to its corporate reputation, goodwill and credit.

70.

**Eighth Claim for Relief**

**(Shareholder Remedies under ORS 60.952)**

**(Directly by Plaintiff Against Dennis Rasmussen)**

Plaintiff restates and re-alleges, as though fully incorporated herein, the allegations set forth in paragraphs 1-69 above.

Page 20    **COMPLAINT**

71.

As a result of Defendant Dennis Rasmussen's fraudulent, oppressive, and grossly abusive conduct, including his ongoing misuse and misappropriation of Nominal Defendants' corporate assets and failure to provide a full and accurate accounting of Terra-Magic, Inc.'s and Terra-Magic Seeds' financial condition to its other director and shareholder, under ORS § 60.952(2) Mrs. Powell is entitled to the following relief:

a. Entry of an order enjoining all of the Rasmussen Defendants from engaging in any further fraudulent or oppressive conduct or further breaching their fiduciary duties owed to Nominal Defendants and/or Plaintiff, and directing Dennis Rasmussen to identify all of Terra-Magic, Inc.'s and Terra-Magic Seeds' bank and credit accounts and to authorize the financial and other institutions holding such accounts to add the name of a court-ordered receiver to those accounts;

b. The entry of an order appointing a receiver to manage the business and affairs of Terra-Magic, Inc. and Terra-Magic Seeds;

c. Entry of an order removing Dennis Rasmussen as an officer and director of Terra-Magic, Inc. and Terra-Magic Seeds and removing him as an authorized party from all Terra-Magic, Inc. and Terra-Magic Seeds bank and credit accounts;

d. Entry of an order requiring a full accounting of the funds and benefits received by the Rasmussen Defendants and their families from 2004 to the present;

e. An award of money damages in an amount to be proven at trial but estimated to be greater than $1 million, for the damages suffered by Mrs. Powell; and

f. Entry of an order to liquidate Terra-Magic, Inc. and Terra-Magic Seeds under the supervision of the court appointed receiver.

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and derivatively on behalf of Nominal Defendants, prays for judgement as follows:

a.  On the First Claim for Relief, for a judgment in favor of Nominal Defendants in an amount to be determined at trial but exceeding $1 million;

b.  On the Second Claim for Relief, for injunctive relief ordering Colton Rasmussen, and the other Rasmussen Defendants, to immediately return, at their expense, all Terra-Magic, Inc. property in their possession or control to the Terra-Magic farm;

c.  On the Third Claim for Relief, for a judgment in favor of Nominal Defendants in an amount to be determined at trial but exceeding $1 million, and for injunctive relief in the form of a constructive trust or equitable lien upon all personal and real property purchased using Nominal Defendants misappropriated monies or resources;

d.  On the Fourth Claim for Relief, for a judgment in favor of Plaintiff in an amount to be determined at trial but exceeding $1 million, and for injunctive relief in the form of a constructive trust or equitable lien upon all personal and real property purchased using Nominal Defendants misappropriated monies or resources;

e.  On the Fifth Claim for Relief, for a judgment in favor of Nominal Defendants in an amount to be determined at trial but exceeding $1 million, and for injunctive relief prohibiting Dennis and Colton Rasmussen from breaching any of the fiduciary duties owed to Nominal Defendants;

f.  On the Sixth Claim for Relief, for a judgment in favor of Plaintiff in an amount to be determined at trial but exceeding $1 million, and for injunctive

Page 22    **COMPLAINT**

relief prohibiting Dennis Rasmussen from breaching any of the fiduciary duties owed to Plaintiff as a shareholder of Terra-Magic;

g.   On the Seventh Claim for Relief, for a judgment in favor of Nominal Defendants in an amount to be determined at trial but exceeding $1 million;

h.   On the Eighth Claim for Relief, for a judgment in favor of Plaintiff in an amount to be determined at trial but exceeding $1 million, and for injunctive relief in the form set forth in ¶ 71(a)-(d) and (f), above;

i.   Reasonable attorney fees and costs in connection with each claim as set forth above;

j.   Prejudgment interest; and

k.   For such relief as the Court deems just and proper.

//
//
//
//
//
//
//
//
//
//
//
//

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

DATED this 12th day of July, 2019.

Respectfully submitted,

**PITZER LAW**


*s/ Jeff S. Pitzer*
Jeff S. Pitzer, OSB No. 02084
jpitzer@pitzerlaw.net
Peter M. Grabiel, OSB No. 171964
pgrabiel@pitzerlaw.net
210 SW Morrison St., Suite 600
Portland, OR  97204
Telephone: (503) 227-1477

**Counsel for Plaintiff Debra Powell**

Page 24   **COMPLAINT**