**Christopher T. Carson, OSB No. 844502**
ccarson@kilmerlaw.com
**Robert B. Miller, OSB No. 960068**
bobmiller@kilmerlaw.com
KILMER, VOORHEES & LAURICK, P.C.
732 N.W. 19th Avenue
Portland, Oregon 97209-1302
Telephone: (503) 224-0055
Fax: (503) 222-5290

Attorneys for Defendants
John Dennis Rasmussen and Ian Rasmussen

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| DEBRA POWELL, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>JOHN DENNIS RASMUSSEN, an individual,<br>COLTON RASMUSSEN, an individual,<br>IAN RASMUSSEN, an individual, and<br>HEIDI RASMUSSEN, an individual,<br><br>        Defendants,<br><br>    and<br><br>TERRA-MAGIC, INC., an Oregon corporation<br>and TERRA-MAGIC SEEDS, LTD.,<br>an Oregon corporation,<br><br>        Nominal Defendants. | Case No. 2:19-cv-01077-JR<br><br>DEFENDANT JOHN DENNIS RASMUSSEN'S APPLICATION FOR STAY<br><br>(O.R.S. 60.952(6)(f)) |

## LR 7-1 CERTIFICATION

The undersigned counsel certifies that counsel for Defendant John Dennis Rasmussen conferred with counsel for Plaintiff Debra Powell in writing and by telephone regarding this application, and counsel for the parties agreed the statute permitted Dennis to file this application

Page 1 –   DEFENDANT JOHN DENNIS RASMUSSEN'S APPLICATION FOR STAY

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON  97209-1302
(503) 224-0055 · FAX (503) 222-5290

today as Dennis made the election to purchase Plaintiff's shares in both corporations within 90 days after Plaintiff filed this action and Dennis filed the election more than 30 days ago.

## MOTION

The Court is required to enter a stay pursuant to 60.952(6)(f), now that Dennis Rasmussen filed this application with the Court. No further showing must be established to require the stay. The Court must proceed directly to "determine the fair value and terms of purchase of the shares of the shareholder who filed the proceeding as of the day before the date on which the proceeding was filed or as of such other date as the court deems appropriate under the circumstances." *Id*. The statutory election provision created by the legislature in ORS 60.952(6)(f) is an exception to the shareholder's right to decline to sell its shares to the corporation or another shareholder. *Graydog Internet, Inc. v. Giller*, 362 Or 177 (2017).

## MEMORANDUM

### Material Facts

Plaintiff filed this lawsuit "for shareholder remedies under ORS § 60.952" on July 12, 2019. [Dkt # 1, ¶ 70] Plaintiff and Dennis Rasmussen each hold 50% of the shares in the Nominal Defendant corporations. On September 16, 2019, Dennis elected under ORS 60.952(6) "to purchase all of the shares owned by the [the plaintiff] for their fair value". [Dkt ## 60 and 61] Dennis filed the election on August 3, 2020 and the parties are unable to reach an agreement as to the fair value and terms of purchase of the Plaintiff's shares. [1]

---

[1] ORS 60.952(6)  At any time within 90 days after the filing of a proceeding under subsection (1) of this section, or at such time determined by the court to be equitable, the corporation or one or more shareholders may elect to purchase all of the shares owned by the shareholder who filed the proceeding for their fair value. An election to purchase under this subsection shall state in writing the amount that the electing party will pay for the shares.

. . .

(e) If, within 30 days of the filing of the latest election to purchase allowed by the court, the parties reach agreement as to the fair value and terms of purchase of the shares of the shareholder who filed the proceeding under subsection (1) of this section, the court shall

Page 2 –   DEFENDANT JOHN DENNIS RASMUSSEN'S APPLICATION FOR STAY

**Analysis**

"When a shareholder files a proceeding under ORS 60.952(1), in addition to seeking damages or other relief under ORS 60.952(2), the shareholder in effect makes an offer to sell all of its shares, for fair value, to the corporation or another shareholder, without resolving the merits of the complaint or other proceeding that the shareholder filed." *Graydog Internet, Inc. v. Giller*, 362 Or. 177, 181 (2017).  The purpose of the election in subsection (6)(f) is to provide "a shortcut to a remedy when litigation does arise." *Id*. at 196.  "The legislative history of ORS 60.952(6) shows that the legislature intended to discourage litigation between shareholders, with its potential for acrimony and harm to the firm and others, by providing an incentive for shareholders to resolve their disputes in some way other than a 'proceeding under subsection (1).'" *Id*. at 198.  While the legislature recognized the solution was imperfect, it nonetheless created this statutory exception to the right to refuse to sell.  *Id*.  "Reducing litigation between shareholders in close corporations is desirable policy because it protects the firm, its employees, and other stakeholders from the consequences of extended litigation." *Id*. at 196.

When claims are brought under ORS 60.952(1) the election "allows a court to order the sale of all of a shareholder's shares before trial, even if there are unresolved issues of fact that would prevent summary judgment." *Id*. at 196-97.  The procedure for issuing an order for a share purchase under ORS 60.952 is set out in subsection 5 of that statute.  The Court is required to stay the current proceeding and begin the statutorily mandated process for the share purchase.

---

enter an order directing the purchase of shares upon the terms and conditions agreed to by the parties.

(f) If the parties are unable to reach an agreement as described in paragraph (e) of this subsection, the court, upon application of any party, shall stay the proceeding under subsection (1) of this section and shall, under subsection (5) of this section, determine the fair value and terms of purchase of the shares of the shareholder who filed the proceeding as of the day before the date on which the proceeding was filed or as of such other date as the court deems appropriate under the circumstances.

Page 3 –   DEFENDANT JOHN DENNIS RASMUSSEN'S APPLICATION FOR STAY

Plaintiff and Dennis hold all of the shares of the two Oregon corporations named here as nominal defendants. [Dkt # 1, ¶¶ 6-7] "[F]ederal courts are bound by the pronouncements of the state's highest court on applicable state law." *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001). Oregon's Supreme Court has held that the legislature created an exception to corporate law, requiring a stay and a forced sale, for the purpose of creating an incentive for shareholders to resolve their disputes in a manner other than the remedies provided in ORS 60.952. The Court should apply the statute as construed by the Oregon Supreme Court.

## CONCLUSION

Under controlling Oregon law, the Court must stay this proceeding pursuant to ORS 60.952(6)(f) and order the sale of all Plaintiff's shares under the procedure set out in ORS 60.952(5).

DATED this 3rd day of September, 2020.

KILMER VOORHEES & LAURICK, P.C.

   */s/ Robert B. Miller*
Christopher T. Carson, OSB No. 844502
ccarson@kilmerlaw.com
Robert B. Miller, OSB No. 960068
bobmiller@kilmerlaw.com
Attorneys for Defendants
John Dennis Rasmussen and Ian Rasmussen

I:\10991\0001\Pleadings\Application for Stay 2020-0903.docx

Page 4 –   DEFENDANT JOHN DENNIS RASMUSSEN'S APPLICATION FOR STAY

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290