UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

DEBRA POWELL, an individual,

        Plaintiff,

v.

JOHN DENNIS RASMUSSEN, an individual, COLTON RASMUSSEN, an individual, IAN RASMUSSEN, an individual, and HEIDI RASMUSSEN, an individual,

        Defendants.

TERRA-MAGIC, INC., an Oregon corporation, and TERRA-MAGIC SEEDS, LTD., an Oregon corporation,

        Nominal Defendants

Case No. 2:19-cv-1077-JR

ORDER

1 -   ORDER

Russo, Magistrate Judge:

Following a fair value hearing pursuant to Or. Rev. Stat. § 60.952(6) conducted over several days in August and September 2021, and submission of written closing arguments in October 2021, this Court issued its Findings of Fact and Conclusions of Law determining plaintiff was entitled to $4,765,261.50 to effectuate the election to purchase her shares in Terra-Magic Inc. and Terra Magic Seeds, LTD. (TMI entities). After plaintiff submitted a proposed judgment, the Court resolved defendants' objections and entered a limited judgment awarding fair value compensation and appointing a custodian to liquidate assets in order to facilitate payment to plaintiff for defendant John Dennis Rasmussen's purchase of her shares. Plaintiff now seeks attorney fees and costs related to the fair value hearing. The fee issue has been bifurcated into liability first and, if necessary, a determination of the reasonable value of professional services provided in relation to the hearing.

DISCUSSION

In diversity cases, whether a party is entitled to attorney fees is determined by state law. Keith Mfg., Co. v. Butterfield, 256 F. Supp. 3d 1123, 1132 (D. Or. 2017), vacated and remanded on other grounds, 955 F.3d 936 (Fed. Cir. 2020) (Federal law does not apply to the question of whether a party is entitled to recover attorney's fees in a diversity case).

Generally, a party has no right to recover attorney fees unless a statute or contract confers such a right Lumbermen's v. Dakota Ventures, 157 Or. App. 370, 374, 971 P.2d 430, 432 (1998). Plaintiff asserts entitlement to fees pursuant to: Or. Rev. Stat. § 20.105(1), Or. Rev. Stat. § 60.952(3), Terra-Magic, Inc.'s Bylaws at Article VII, and this Court's order in relation to defendant John Dennis Rasmussen's late submission of expert reports.

2 -   ORDER

A.      Or. Rev. Stat. § 20.105(1)

Or. Rev. Stat. § 20.105(1) provides that a court shall award reasonable attorney fees against a party who raises a claim with no objectively reasonable basis. Although plaintiff includes discussion of the misconduct of defendants that led to this litigation and a finding of malfeasance that demonstrated a breach of fiduciary duty, the issue for purposes of a fee award is whether defendant had an objectively reasonable basis for seeking to elect to purchase plaintiff's shares pursuant to Or. Rev. Stat. § 69.952(5).[1] Although, defendant's ability to purchase the shares outright was demonstratively lacking, the Court did ultimately determine that the election to purchase could be effectuated via the appointment of a custodian and sale of hard assets owned by the TMI entities.

The statute specifically permits the Court to consider any financial constraints on the ability of the TMI entities to purchase plaintiff's shares. Or. Rev. Stat. § 60.952(5)(a)(B). The Court determined such constraints demonstrated defendant John Dennis Rasmussen, on behalf of the TMI entities, lacked the ability to finance either a cash purchase or the payment plan he suggested. Nonetheless, the Court, using its equitable authority, determined the purchase could be accomplished via a sale of assets conducted by a custodian. Because the Court ordered the purchase of the shares, it necessarily found an objectively reasonable basis for seeking an election to purchase the shares. Moreover, while the Court rejected defendant John Dennis Rasmussen's

---

[1] Bad faith and improper motives are not relevant considerations in determining whether an award of attorney fees is required under Or. Rev. Stat. 20.105(1). Williams v. Salem Women's Clinic, 245 Or.App. 476, 483, 263 P.3d 1072, 1076 (2011); Benaman v. Andrews, 213 Or.App. 467, 478, 162 P.3d 280 (2007) (a party's personal motivation for seeking relief is not relevant to the question of whether an attorney fee award is required under ORS 20.105(1)); Secor Investments, LLC v. Anderegg, 188 Or.App. 154, 174, 71 P.3d 538, rev. den., 336 Or. 146, 82 P.3d 162 (2003) ([Bad faith is immaterial to a determination of entitlement to fees). The relevant inquiry is whether the claim has an objectively reasonable basis—i.e., whether the claim was entirely devoid of legal or factual support at the time it is made or as the litigation proceeds. Williams, 245 Or.App. at 482, 263 P.3d at 1076.

3 -   ORDER

assertion of discounts, it cannot be said that any claims made regarding the valuation of the shares was objectively unreasonable sufficient to justify an award of attorney fees related to the fair value hearing. Accordingly, the Court finds Or. Rev. Stat. § 20.105(1) does not provide a basis for an award of fees related to the fair value proceedings.

B.    Or. Rev. Stat. § 60.952(3)

Pursuant to Or. Rev. Stat. § 60.952(3) the remedies provided for a shareholder proceeding are not exclusive of other legal or equitable remedies. While the statutory provision does empower the Court to impose equitable remedies, it does not expressly provide for an award of fees. As noted above, fees may not be awarded unless conferred by a statute or contract. Under limited circumstances, a court may award fees under equitable circumstances including vindication of an important constitutional right applicable to all citizens without any gain to plaintiff herself; creation, discovery, increase, or preservation of a fund of money to which others have a claim; and conferral of substantial benefits on others. See Bova v. City of Medford, 264 Or. App. 763, 767, 333 P.3d 1144, 1147 (2014). The circumstances of this case do not justify an award of fees pursuant to the equitable powers conferred upon the Court under section 60.952(3) or its inherent equitable authority.

C.    Terra-Magic Inc's. Bylaws

Article 7 of Terra-Magic Inc's. Bylaws provides:

> Each director and an officer of the corporation now or hereafter in office and his heirs administrators, executors and each director and officer of the corporation and his heirs, executors and administrators who now acts, or shall hereafter act at the request of the corporation as director or officer of another company controlled by the corporation shall be indemnified by the corporation against all costs, expenses and amounts or liability therefore, including counsel fees, reasonably incurred by or imposed upon him in connection with or resulting from any action, suit, proceeding or claim to which he may be made a party, or in which he may be or become involved by reason of his acts of omission or commission, or alleged acts of commission as such officer or director.

4 -   ORDER

The fair value hearing arose out of plaintiff's claims seeking shareholder remedies and defendant's subsequent election to purchase her shares on behalf of the TMI entities. Plaintiff asserts she undertook this litigation due to defendant Dennis Rasmussen's request that she exercise due diligence and investigate defendant Colton Rasmussen's mismanagement of the TMI entities in a letter to plaintiff dated May 11, 2019. Even assuming the letter could be read as a request by the TMI entities, through one of its directors, to investigate malfeasance and bring a civil suit, plaintiff did not become a party to the fair value hearing "by reason of [her] acts of omission or commission" as a director or officer of the entities. Plaintiff sought shareholder remedies in her capacity as a shareholder, not an officer, and for acts or omissions which she alleged were committed by Dennis Rasmussen, among others, in his capacity as a director or officer of the entities. Although in closely held corporations the duties of directors and shareholders often intertwine. In the fair value hearing, plaintiff could act only in her capacity as a shareholder in seeking fair value for her shares often by raising arguments at odds with the corporation's interests.[2] Indeed, after selling her shares, plaintiff will no longer retain any role with respect to the corporation. Moreover, the bylaws provide for fees to be paid by Terra-Magic Inc. and not defendant personally. Accordingly, the bylaws do not confer a right to recover attorney fees related to the fair value hearing.[3]

---

[2] For instance, the application of discounts would benefit the corporation by reducing its costs to purchase shares. Plaintiff, however, benefited by demonstrating the discounts were not applicable.

[3] At this stage of the proceedings, the Court does not express an opinion as to whether the bylaws confer a right to recover fees related to any remaining claims or counterclaims in this action.

5 -    ORDER

D.     July 13, 2021 Order Granting Sanctions

On March 30, 2021, the Court reopened discovery in this case for the limited purpose of taking two depositions and to allow defendant to provide two specific expert reports. However, defendant served two additional reports not identified in the Order. On June 3, 2021, plaintiff sought to strike the reports. On June 11, 2021, defendant sought a lesser sanction requiring that he pay reasonable attorney fees caused by the late delivery of the expert reports in lieu of striking the reports. The Court granted the lesser sanction entitling plaintiff to these fees. Accordingly, the parties shall meet and confer regarding a reasonable fee related to the late delivery of the reports. If the parties are unable to agree as to a fee, the parties may seek the Court's assistance in determining a reasonable fee.

## CONCLUSION

Plaintiff's motion for attorney fees and costs (ECF 207) is denied except to the extent she may seek reasonable fees related to the late delivery of expert reports.

DATED this 24th day of June, 2022.

                        /s/ Jolie A. Russo
                        JOLIE A. RUSSO
                        United States Magistrate Judge

6 -   ORDER