UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

DEBRA POWELL, an individual,

        Plaintiff,

   v.

JOHN DENNIS RASMUSSEN, an individual, COLTON RASMUSSEN, an individual, IAN RASMUSSEN, an individual, and HEIDI RASMUSSEN, an individual,

        Defendants.

TERRA-MAGIC, INC., an Oregon corporation, and TERRA-MAGIC SEEDS, LTD., an Oregon corporation,

        Nominal Defendants

Case No. 2:19-cv-1077-JR

ORDER

1 -   ORDER

Russo, Magistrate Judge:

On September 22, 2023, the Ninth Circuit remanded this case to reopen proceedings and redetermine the fair value of plaintiff Debra Powell's shares while accounting for the impact of Dennis Rasmussen's alleged misconduct which comprised the derivative claims within such proceedings rather than continuing to litigate those claims separately. (ECF 323, 324). In the meantime, plaintiff filed a motion for attorney fees caused by defendant's late delivery of expert reports prior to the fair value hearing. The Court previously granted defendants' request for the sanction of reasonable expenses associated with that late delivery in lieu of striking the reports. See (ECF 136, 238, 253).

Upon remand, the Court ordered:

> The following schedule is Ordered regarding the Fair Value hearing (Part II) as modified: Any amended complaint due by 11/13/2023. Answer due by 11/27/2023. Any supplemental discovery requests due by 12/15/2023. Identification of any experts to be completed by 12/29/2023. Identification of rebuttal experts to be completed by 1/30/2024. Any supplemental depositions (including experts) to be completed by 3/1/2024. The Court will schedule a 2-day hearing on 4/15/2024 if requested and deemed necessary.

Order Dated October 26, 2023 (ECF 335).

Plaintiff filed her First Amended Complaint on November 13, 2023. Before the Court is the motion for fees noted above, defendant Dennis Rasmussen's motion to strike the amended complaint, plaintiff's motion for leave to take supplemental depositions, and defendant Dennis Rasmussen's motion to quash deposition subpoenas.

## DISCUSSION

A.   Attorney Fees

As noted above, the Court has previously awarded plaintiff her reasonable professional fees caused by defendants' late delivery of two expert reports. The parties engaged in discussions

regarding the amount of the payment but were unable to reach an agreement. Plaintiff seeks $63,906.50 plus prejudgment interest at the rate of 9% per annum pursuant to Or. Rev. Stat. 82.010(1)(a).

Defendants object asserting the fees for time spent responding to the new reports were not caused by the late delivery, certain fees requested include time for work which does not explicitly describe work rebutting the reports, and finally, plaintiff seeks fees for "block" entries that do not segregate time for individual tasks.

### 1.     Time Spent Responding to the Reports

Pursuant to Fed. R. Civ. P. 37(c)(1), if a party fails to timely disclose an expert report, the party is not allowed to use that information at a hearing or trial. In lieu of this harsh penalty, defendants agreed to pay plaintiff's expenses related to the late delivery. Had the Court declined to accept defendants' offer and instead struck the late reports, plaintiff obviously would not have incurred any additional expenses. Thus, defendants are incorrect when arguing plaintiff would have incurred expenses responding to the reports regardless of the late delivery. Accordingly, plaintiff is entitled to reimbursement of professional fees incurred in responding to the reports.

### 2.     Entry Descriptions

Defendants argue there are open-ended entries that do not describe work rebutting the late expert reports. While it is true that plaintiff bears the burden of providing sufficient detail to enable the reviewing court to fairly assess the reasonableness of the hours worked, the entries to which defendants object are not ambiguous in detailing work related to rebutting the expert reports. See Ex. 1 and Ex. 2 to the Declaration of Steven Naito (ECF 336-1) (purported entries defendants assert are not clearly related to rebuttal, actually in fact, detail discussions with plaintiff's experts regarding expert issues and attorney/expert work on issues related to the subjects of the reports

3 -   ORDER

(such as the fertilizer invoices and historical data regarding such purchases) after receipt of the late defense expert reports). The entries are sufficient to allow the Court to review the reasonableness of the hours expended in responding to the expert reports.

3. Block Entries

Defendants argue that substantially all the attorney time entries are block entries that do not segregate time for individual tasks and therefore make assessing the reasonableness of the time spent extremely difficult. On the contrary, the entries are specific as to the tasks billed. Although some entries include multiple tasks within a given time frame, all tasks listed relate to responding to the reports.[1]

4. Reasonableness of Fees Requested

In determining a reasonable attorney fee, the court employs the lodestar method by first multiplying "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996) (as amended). The court then considers whether it is necessary to adjust the presumptively reasonable lodestar figure in light of the twelve factors articulated in Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975). Id. "[C]onsiderable discretion [is vested in the court] in determining what attorney's fee is reasonable." Webb v. Ada Cnty., Idaho, 195 F.3d 524, 526-27 (9th Cir. 1999). Required is a "concise but clear" explanation of reasons for the fee award. Gates, 987 F.2d at 1400.

Except as noted above, defendants do not contest the number of hours expended on the tasks listed in the attorney billing chart, expert invoices, and lab invoices. After review of the

---

[1] The billing entries redact work not related to the expert reports and plaintiff has excluded time for such work in the fee request.

4 -   ORDER

billing charts and invoices, the Court finds the hours expended to be reasonable[2] especially given the amount in damages challenged by the late reports which are in excess of $1 million.

Reasonable hourly rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation. Blum v. Stenson, 465 U.S. 886, 897 (1984). Blum instructs courts to look at the prevailing market rates in the relevant market. Id. at 895, n. 11. Here, plaintiff seeks rates of $475 per hour for attorney Jeff Pitzer's time and $375 per hour for attorney Peter Grabiel. Expert rates range from $475 per hour for Serena Morones to $240-$250 per hour for other CPAs in Morones' firm. In addition, Stukenholtz Labs charged $150 per hour for its work and Eagle Cap $100 per hour for its work.

Based on the attorneys' bar numbers the Court can determine that attorney Pitzer has at least 23 years of experience and attorney Grabiel has at least six years of experience. "This District considers the most recent Oregon State Bar Economic Survey" – i.e., the 2022 Oregon State Economic Survey – "as its 'initial benchmark' in determining whether hourly billing rates are reasonable." Prison Legal News v. Umatilla Cnty., 2013 WL 2156471, *4 (D. Or. May 16, 2013) (citations omitted). "If the rate requested exceeds the average rate reported in the OSB Survey, the burden is on the prevailing party to justify that higher rate." Id. (citation omitted).

According to the 2022 Survey, attorneys with 21-30 years of experience in Portland bill a median rate of $450 and a rate of $697 in the 95th percentile. 2022 Survey. Although slightly above the median, the Court finds attorney Pitzer's rate to be reasonable. In addition, the survey puts the median rate for attorneys with four to six years' experience at $308 with rates of $486 at

---

[2] Plaintiff seeks 31.4 hours of attorney time, 175.1 hours of expert time by Morones Analytics, 8.8 hours of expert time from Stukenholtz Laboratory, and 7.25 hours of expert time from Eagle Cap Realty.

5 -   ORDER

the 95th percentile. Although above the median rate, the Court also finds attorney Grabiel's rate to be reasonable.[3]

Serena Morones has approximately 20 years of CPA experience specializing in damages analysis. Accordingly, the Court finds her rate to be reasonable. The Court also finds a billing rate of $240-$250 per hour to be reasonable for the other CPAs in Morones' firm. Cf 2022 Survey (attorneys with 0-3 years' experience in Portland charge a median of $300 per hour). Similarly, the rates for Stukenholtz and Eagle Cap are reasonable.

Based on the hours reasonably expended and the reasonable rate charged, the Court awards plaintiff a total of $63,906.50 for the professional expenses incurred in responding to the late delivered expert reports, but declines to award prejudgment interest as the Court sanction did not address interest.

B.     Motion to Strike

As noted above, upon remand, the Court permitted the filing of an amended complaint by November 13, 2023. Plaintiff filed her first amended complaint on that date. Defendant Dennis Rasmussen moves to strike the amended complaint asserting it will prejudice his defense and that plaintiff never sought leave to file it.[4] Specifically, defendants assert plaintiff had every opportunity to fully litigate the alleged misconduct.

Defendants' position appears to be that the Court should simply issue a new Findings of Fact and Conclusions of Law based on the evidence adduced at the first hearing but accounting for the misconduct that was excluded from that hearing. As noted above, the Court has determined the best way to proceed post-remand is for plaintiff to file an amended complaint, conduct

---

[3] The Court notes the complexity of the issues involved in the case generally and the issues raised by the experts specifically.

[4] Defendants Colton and Heidi Rasmussen join in the motion. (ECF 344).

6 -    ORDER

supplemental discovery, and then potentially schedule a second fair value hearing addressing the issues of misconduct. In addition to setting out a timeline for filing an amended complaint and additional discovery, the Court anticipated an amended complaint in its limited judgment issued on April 5, 2022. (ECF 198 at ¶ 18.) Defendants' motion is denied.

C.      Motion for Leave to Take Depositions/Motion to Quash Subpoena

In light of the additional post-remand discovery authorized by the Court, plaintiff seeks leave to depose Curtis Troyer and defendants Dennis, Colton, and Ian Rasmussen. The Court has previously found good cause exists to reopen discovery. Plaintiff seeks to depose the above-named individuals based on evidence revealed in investigations subsequent to the 2021 fair value hearing. The motion is granted. Similarly, defendant's motion to quash Curtis Troyer's deposition subpoena is denied.

## CONCLUSION

For the reasons stated above, plaintiff's motion for professional fees (ECF 329) is granted in the amount $63,906.50; defendants' motion to strike plaintiff's amended complaint (ECF 342) is denied; plaintiff's motion for leave to take supplemental depositions (ECF 346) is granted; and defendant Dennis Rasmussen's motion to quash deposition subpoena (ECF 349) is denied.

DATED this 23rd day of January, 2024.

       /s/ Jolie A. Russo
     JOLIE A. RUSSO
   United States Magistrate Judge

7 -   ORDER