Jeff S. Pitzer, OSB No. 020846
Email: jpitzer@pitzerlaw.net
**PITZER LAW**
210 SW Morrison St., Suite 600
Portland, OR 97204
Telephone: 503-227-1477

Attorney for Plaintiff Debra Powell


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| **DEBRA POWELL,** an individual<br><br>Plaintiff,<br>vs.<br><br>**JOHN DENNIS RASMUSSEN**, an individual, **COLTON RASMUSSEN**, an individual, and **IAN RASMUSSEN**, an individual,<br><br>Defendants,<br><br>and<br><br>**TERRA-MAGIC, INC.**, an Oregon corporation, and **TERRA-MAGIC SEEDS, LTD.**, an Oregon corporation,<br><br>Nominal Defendants. | Case No. 2:19-cv-1077-JR<br><br><br>**PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT AND FOR AN ORDER SUBJECTING FURTHER SUBMISSIONS TO A PRE-FILING REVIEW** |

**PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT AND FOR AN ORDER SUBJECTING FURTHER SUBMISSIONS TO A PRE-FILING REVIEW**

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

## INTRODUCTION

Federal courts are imbued with the authority to control their courtrooms, to discipline misconduct, and to protect against abusive litigation tactics that corrupt the judicial process.  Defendant in this case has a years-long record of abusive litigation tactics that have compromised the fairness of the system and imposed an utterly unjustified burden on the Court and the Plaintiff.  It is time for the Court to take action.

## BACKGROUND

This case has been long and burdensome, on both the Court and the Plaintiff.  Unnecessarily so.  It commenced approximately six years ago when in July 2019 Plaintiff brought claims against her brother for conspiring with his sons to steal from the Eastern Oregon farm Plaintiff and Defendant had jointly owned for 20 years.  In August 2020, Plaintiff filed a motion seeking the appointment of a custodian because Defendant had maliciously obstructed all of her efforts to simply obtain an independent appraisal of her own farm.  ECF 44.  As a tactic to escape the appointment of the custodian, Defendant made a statutory election to purchase Plaintiff's 50% interest in the farm pursuant to ORS 60.952(6), which produced a stay.  ECF 60, ECF 71.  Defendant's purchase election was ostensibly designed to short-circuit the litigation, but in truth was intended to forestall a custodian and frustrate Plaintiff's efforts to obtain relief.  As demonstrated in this lawsuit, when the party making a statutory purchase election is not acting in good faith, it allows for the litigation process itself to be deployed as a means to harass, intimidate and impoverish an adversary.

In this case, it took many years of litigation, extensive discovery, and multiple hearings before this Court ultimately concluded that Defendant had conspired with his sons to

Page 1    **PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT AND FOR AN ORDER SUBJECTING FURTHER SUBMISSIONS TO A PRE-FILING REVIEW**

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

steal millions of dollars from Plaintiff by deploying a variety of fraudulent schemes. Defendant's tactics have included, among other things, the creation of sham entities through which Terra Magic money was unlawfully funneled, the fabrication of warranty deeds used to illegally convey millions of dollars' worth of Terra Magic property to such sham entities, the fraudulent alteration of Terra Magic business records, the sale of Terra Magic grain in the name of sham entities, and the use of Terra Magic credit to purchase fertilizer never applied to Terra Magic fields but instead sold to third parties in self-dealing transactions.

In addition to conspiring in malfeasance, Defendant has also obstructed justice by refusing to participate in court-ordered discovery, lying under oath in open court, submitting fraudulently altered documents, filing endless vexatious pleadings, bringing a $5 billion frivolous lawsuit against opposing counsel and the Court itself, and filing spurious bar complaints and appeals.

For all of these reasons, the standard established by the Ninth Circuit for declaring a defendant to be a vexatious litigant (as discussed below) is more than met here. Plaintiff would respectfully request that the Court enter such a finding as to this Defendant, along with an Order subjecting Defendant's future filings to a pre-filing review.

## MOTION

Under well-settled Ninth Circuit law, and pursuant to 11 U.S.C. § 105, 28 U.S.C. § 1651(a), and FRCP 11, a federal district court has the inherent power to enter orders against vexatious litigants restricting them from abusing the courts and adverse parties by filing endless frivolous pleadings. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007), citing *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir 1999). Although such orders

Page 2    **PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT AND FOR AN ORDER SUBJECTING FURTHER SUBMISSIONS TO A PRE-FILING REVIEW**

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

are to be entered rarely, "flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that could be properly used to consider the meritorious claims of other litigants." *Id.*, citing *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir 1990). The Ninth Circuit has established a four-factor test that district courts are to apply in order to determine whether a filing restriction should be entered against a vexatious litigant: (1) notice and opportunity to be heard, (2) the creation of an adequate record for review, (3) substantive findings that the litigant has engaged in vexatious and/or harassing conduct, and (4) relief that is narrowly tailored to remedy the litigant's wrongful behavior. *Molski*, 500 F3d 1047, 1058-61. All four factors are easily met here.

### 1. Notice and Opportunity to Be Heard

On February 18, 2025, Plaintiff apprised the Court and Defendant that she was considering filing a motion asking the Court to declare the Defendant a vexatious litigant. ECF 428 at 2. Plaintiff made that statement in a brief responding to yet another of the Defendant's vexatious filings in which he sought, for at least the fourth time, a stay pending appeal. But both this Court and the Ninth Circuit have rejected a stay numerous times previously. ECF 252, ECF 321, *DctEntry* 25. Frustrated, Plaintiff expressly indicated in her brief that she would be asking for the Court's assistance to "prevent" further "abuses." Defendant responded by contesting the suggestion that any such relief would be appropriate. *Motion to Address Court's Failure to Respond and Opposition to Request to Designate Defendant as a Vexatious Litigant*, ECF 429 at 4. At the Court's invitation, Plaintiff is submitting this further brief on the issue, and the Court has indicated that Defendant has leave to file an additional brief also. ECF 432. Under any reasonable definition, this constitutes adequate notice and opportunity to be heard.

Page 3    **PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT AND FOR AN ORDER SUBJECTING FURTHER SUBMISSIONS TO A PRE-FILING REVIEW**

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

## 2.    Adequate Record for Review

Set forth below is a list of the frivolous, harassing and vexatious filings Defendant has made over the course of just the last year.  Many of the filings are literally impossible to decipher.  They include documents titled: Authenticated Foreign Document Under Hague Convention, Notice and Memorandum of Law in Support of Affidavit of Notice of Discharge, Notice of Unauthorized Practice of Law and Trespass Upon Estate of John Dennis Rasmussen by the Bar Association, Notice of Invocation of Premises of Haines v. Kerner, 404 US 519, Praecipe Disclosure to Clerk of Court Regarding Status of Plaintiff, Defendant, and Real Party in Interest SPC/HDC, Notice to Appoint Trustee with Form 56 in Support of Motion to Acknowledge Title 48 CRF International Commercial Affidavit Presented as Letter of Rogatory, Notice to Appoint Trustee with Form 56 in Support of Motion to Acknowledge Title 48 CRF International Commercial Affidavit Presented as Letter of Rogatory.

### Vexatious Filings Submitted by Defendant

|   | Pleading | Date | ECF No. |
|---|----------|------|---------|
| 1. | Authenticated Foreign Document Under Hague Convention/ Affidavit of Notice of Discharge | 2/14/2024 | 369 |
| 2. | Notice and Memorandum of Law in Support of Affidavit of Notice of Discharge | 2/14/2024 | 370 |
| 3. | Notice of Unauthorized Practice of Law and Trespass Upon Estate of John Dennis Rasmussen by the Bar Association | 2/20/2024 | 373 |
| 4. | Notice of Invocation of Premises of Haines v. Kerner, 404 US 519 | 2/20/2024 | 374 |
| 5. | Motion for a Faretta Hearing | 2/20/2024 | 375 |
| 6. | Praecipe Disclosure to Clerk of Court Regarding Status of Plaintiff, Defendant, and Real Party in Interest SPC/HDC | 2/20/2024 | 376 |

Page 4    **PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT AND FOR AN ORDER SUBJECTING FURTHER SUBMISSIONS TO A PRE-FILING REVIEW**

| 7. | Notice of Confirmation of Termination of Counsel | 2/20/2024 | 377 |
|---|---|---|---|
| 8. | Motion to Acknowledge Title 48 CRF International Commercial Affidavit Presented as Letter of Rogatory | 5/30/2024 | 387 |
| 9. | Notice to Appoint Trustee with Form 56 in Support of Motion to Acknowledge Title 48 CRF International Commercial Affidavit Presented as Letter of Rogatory | 5/30/2024 | 388 |
| 10. | Notice of Alternative Filing of Joe Hill Expert Report | 6/4/2024 | 394 |
| 11. | Defendant's Supplemental Hearing Closing Argument | 7/31/2024 | 401 |
| 12. | Notice of Lodgment Bar Complaint | 8/19/2024 | 405 |
| 13. | Motion to Reconsider and to Lift all Technical Defects and Allow Filing of Instanter | 8/26/2024 | 408 |
| 14. | Amended Motion to Reconsider and to Lift all Technical Defects and Allow Filing of Instanter | 8/28/2024 | 409 |
| 15. | Notice of Lodgment Bar Complaint | 10/11/2024 | 414 |
| 16. | Notice of Appeal to the 9th Circuit | 10/21/2024 | 415 |
| 17. | Response and Objection to Proposed Form of Supplemental Judgment | 11/18/2024 | 418 |
| 18. | Exhibits Re Objections to Magistrate Judge's Order | 11/18/2024 | 419 |
| 19. | Notice of Appeal to the 9th Circuit | 12/16/2024 | 425 |
| 20. | Notice of Lack of Response by the Court | 2/3/2025 | 426 |
| 21. | Motion to Address Court's Failure to Respond and Opposition to Request to Designate Defendant as a Vexatious Litigant | 2/24/2025 | 429 |
| 22. | Motion to Stay Execution of Judgment Pending Appeal | 3/14/2025 | 435 |
| 23. | Motion to Compel Court-Appointed Custodian to Utilize Multiple Listing Services and Other Competitive Marketing Methods | 3/17/2025 | 437 |

**PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT AND FOR AN ORDER SUBJECTING FURTHER SUBMISSIONS TO A PRE-FILING REVIEW**

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

After the first flurry of seven filings in February 2024, Plaintiff asked the Court for permission to not respond to any of them, given that they were not authorized by the rules and were largely indecipherable. ECF 379. The Court granted this relief the following day. ECF 380. Since then, Defendant has made more than a dozen additional nonsensical and harassing filings. In fact, the last two filings on the list set forth above arrived just in the last few days, while Plaintiff was working on the instant brief. On March 14, 2025, Defendant filed yet another motion for stay (ECF 435) further proving his own vexatiousness. Then on March 17, 2025, he filed a motion asking the Court to order the Custodian to list property through a particular listing service. ECF 437. But the Court already explicitly ruled, several months ago, that the Custodian has full authority to dispose of assets in any manner he deems sensible without the need for further court approvals. *12.5.24 Supplemental Judgment*, ECF 423 at 3, ¶¶ 12-13. Nevertheless, Plaintiff was forced to file a second motion for permission to not respond to Defendant's endless filings, (ECF 439), which the Court granted. ECF 440.

Unfortunately, every new document that Defendant files requires analysis. Certain ones require a full response. The only thing the collective onslaught has accomplished is to harass and frustrate the Plaintiff, forcing her to incur more and more needless expense, and increase the burden on the court.

In addition to the endless frivolous filings in _this_ case, Defendant also initiated a _separate_ case on March 20, 2024. *Rasmussen v. Pitzer, Grabiel, Russo, Sullivan and Coffin*, Case No. 3:24-cv-01487-IM. In the new case, Defendant named Judges Russo, Sullivan and Coffin, along with Plaintiff's attorneys, as individual defendants, and sought $5 billion in damages. *Complaint*, ECF 1 at 57. On March 26, 2024, six days after it was filed, Judge

Page 6   **PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT AND FOR AN ORDER SUBJECTING FURTHER SUBMISSIONS TO A PRE-FILING REVIEW**

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

Immergut dismissed Defendant's complaint *sua sponte* for failure to comply with FRCP 8 and as violative of absolute judicial immunity. *See Order of Dismissal*, 3:24-cv-00487-IM, ECF 4 at 2. Judge Immergut ruled that Defendant appeared to be improperly "attack[ing] actions" in the instant case "collaterally" by way of a separate lawsuit. *Id.* Judge Immergut held further that Defendant's complaint was "so confusing" it did not even provide "fair notice of the wrongs… allegedly committed." *Id.* at 3-4. Defendant's appeal to the Ninth Circuit from Judge Immergut's ruling is currently pending. Defendant's lawsuit has forced the undersigned to retain counsel to handle the appeal in the Ninth Circuit, and has required the U.S. Attorney's Office to prepare and file a brief on behalf of the three defendant judges. Pitzer Decl. ¶ 2. Moreover, Defendant has endeavored to use the lawsuit itself to contend, both in this Court and in the Ninth Circuit, that the court and counsel both have disqualifying conflicts of interest. To manufacture a conflict in order to force a recusal was obviously Defendant's motive for filing the lawsuit to begin with. But it is utterly improper.[1]

---

[1] There is no authority supporting Defendant's position that the Court has a conflict at all, and the cases he cites (which involved actual conflicts, like judges who received multi-million dollar campaign contributions from one of the parties, or who were key and interested witnesses in the litigation over which they presided) are entirely inapposite. Plaintiff is aware of no case standing for the dangerous proposition that a litigant could disqualify his judge simply by filing a meritless lawsuit naming the judge as a defendant. In fact, "baseless" attacks on a judge's handling of a case can <u>never</u> serve as a basis for recusal in any event, for a variety of reasons. *See, e.g., United States v. Holland,* 519 F.3d 909, 913-14, and n. 5 (9th Cir. 2008). That is because in order for a conflict to be disqualifying, it has to come from an "extrajudicial source," something "other than rulings, opinions formed, or statements made by the judge." *See United States v. Holland,* 519 F. 3d 909, 913-14, and n. 5 (9th Cir. 2008). Defendant has identified no extra-judicial source that might require a recusal. Defendant's reliance on *Caperton v. Massey Coal Co., Inc.*, 556 U.S. 868 (2009), is misplaced. In that case one of the parties paid $3 million to help elect the appellate court judge who later ruled in his favor. *Id.* at 884. On those "extreme" facts, the Supreme Court felt there was a probability of "actual bias." *Id.* at 887. Nothing like that happened here. Instead, Defendant's suit attacked "actions in [this] proceeding collaterally," which is precisely why Judge Immergut dismissed it shortly after it was filed. *See*

Page 7    **PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT AND FOR AN ORDER SUBJECTING FURTHER SUBMISSIONS TO A PRE-FILING REVIEW**

Even Defendant's filings that might appear legitimate on the surface, like a Ninth Circuit appeal, are larded with bogus nonsense. For example, his appeal from the supplemental judgment is based on purported "discharge bonds" that Defendant claims should have satisfied any liability he might have in this case. ECF 369. But the so-called bonds are clearly invalid on their face. One of them is for $100 million and was ostensibly issued by the Department of the Treasury of Puerto Rico. ECF 369 at 54. Other bonds were allegedly issued by a company in New York. *Id.* at 81-101. Although Plaintiff could not introduce evidence into the record on appeal, her counsel did inquire with the bonding company in New York that, according to Defendant, had actually issued the bonds. Counsel was informed, in writing, that the bonds were entirely bogus. Pitzer Decl. ¶¶ 3, 4. These are forged documents that Defendant has submitted to the Court representing that they are valid. That, in and of itself, is a fraud upon the Court and an unequivocal violation of FRCP 11.

### 3.    Findings of Vexatiousness are Warranted

The conduct engaged in by Defendant in this case falls well within, in fact exceeds, the scope of abusive tactics that have led numerous courts to enter injunctive relief. District courts in the Ninth Circuit, including in this District, have not hesitated to impose restrictions on the filings of a party deemed to be a vexatious litigant. For example, as far back as 2001, in a case where the plaintiff had failed to provide a "short, clear and concise statute of the claim," Judge Haggerty issued an order requiring a "pre-filing review" of further submissions. That order was upheld by the Ninth Circuit as well within Judge Haggerty's

---

Case No. 3:24-cv-00487-IM, ECF 4 at 2. Although Defendant appealed Judge Immergut's dismissal, *DctEntry* 1, after the Defendants responded he did not even bother to submit a reply. It is clear that his intention is not to prevail on any of his legal theories, but rather to harass.

Page 8    **PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT AND FOR AN ORDER SUBJECTING FURTHER SUBMISSIONS TO A PRE-FILING REVIEW**

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

discretion. 15 Appx. 569 (9th Cir 2001). A few years later, Judge Hogan entered a similar order designating a party a vexatious litigant for continually submitting filings over which the court "lacked jurisdiction" and were "barred by the statute of limitations." *Ware v. U.S. Dept. of Interior*, 200 Fed. Appx. 627 (9th Cir 2006). The Ninth Circuit wasted no time upholding that ruling also. *Id.*

## A.    Ninth Circuit Case Law on this Issue is Legion

In *In re Judicial Misconduct*, 579 F.3d 1082 (9th Cir 2009), Judge Alex Kozinski himself, Chief Judge of the Ninth Circuit, entered an order requiring a litigant to show cause why he should not be subjected to "an order requiring him to obtain leave before filing any further" misconduct complaints. The complainant had filed two civil cases, five motions to disqualify, and two motions to reconsider those motions. *Id.* at 1063-64. Judge Kozinski noted that it appeared that the litigant -- like Defendant here -- was "using the judicial disqualification and judicial complaint process as a means for achieving litigation objectives he was unable to achieve on the merits," noting his "repeated and vexatious use of judicial procedures to pursue unsubstantiated, frivolous and already litigated claims." *Id.* at 1065.

Over the course of the last 25 to 30 years, the Ninth Circuit has consistently upheld, over and over again, district court orders deeming litigants engaging in abusive tactics to be vexatious and subjecting their future filings to a "pre-filing review." *See, e.g., Clinton v. United States*, 297 F.2d 899 (9th Cir. 1961) (vexatious finding and pre-filing review order upheld); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515 (9th Cir 1983) (injunction upheld); *DeNardo v. Murphy*, 781 F.2d 1345 (9th Cir 1986) (injunction upheld); *Damiani v. Adams*, 657 F. Supp. 1409, 1417 (SD Cal 1987) (findings of meritless, harassing and

Page 9    **PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT AND FOR AN ORDER SUBJECTING FURTHER SUBMISSIONS TO A PRE-FILING REVIEW**

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

repetitive litigation, permanent injunction issued, sanctions imposed); *Galeska v. Duncan*, 894 F. Supp. 1375 (C.D. Cal. 1995) (vexatious finding and pre-filing review order upheld); *Palmer v. Klamath County*, 12 Fed. Appx. 569 (9th Cir. 2001) (vexatious finding and pre-filing review order upheld); *Huggins v. Hynes*, 117 Fed. Appx. 517 (9th Cir. 2004) (vexatious finding and pre-filing review order upheld); *Knox v. Potter*, 130 Fed. Appx. 918 (9th Cir 2005) (injunction vexatious finding and pre-filing review order upheld); *Keyter v. Locke*, 182 Fed. Appx. 684 (9th Cir 2006) (vexatious finding and pre-filing review order upheld); *Ware v. U.S. Dept. of Interior*, 200 Fed. Appx. 627 (9th Cir 2006) (vexatious finding and pre-filing review order upheld); *Stone v. Maricopa County*, 2008 WL 4446697 (D. Ariz. 2008) (vexatious finding and pre-filing review order upheld); *Barroga v. Board of Admin. of California Employees' Ret. Sys.*, 235 Fed. Appx. 414 (9th Cir 2007) (vexatious finding and pre-filing review order upheld); *Torres v. State Bar of California*, 245 Fed. Appx 645. (9th Cir 2007) (vexatious finding and pre-filing review order upheld); *Wolfe v. George*, 486 F.3d 1120 (9th Cir 2007) (vexatious finding and pre-filing review order upheld); *In re Haugen*, 243 Fed. Appx. 288, 290 (9th Cir 2007) (findings of numerous frivolous and nonsensical pleadings, pre-filing review upheld, sanction imposed); *Peabody v. United States*, 263 Fed. Appx. 560 (9th Cir 2008) (vexatious finding and pre-filing review order upheld); *In re Judicial Misconduct*, 579 F.3d 1062 (9th Cir 2009) (vexatious finding and pre-filing review order upheld); *Franklin v. Chatterton*, 358 Fed. Appx. 970 (9th Cir 2009) (vexatious finding and pre-filing review order upheld); *Schaffer v. HSBC Bank USA*, 310 Fed. Appx. 181 (9th Cir 2009) (vexatious finding and pre-filing review order upheld); *Pangelinan v. Wiseman*, 370 Fed. Appx. 818 (9th Cir 2010) (vexatious finding and pre-filing review order upheld); *Missud v. Nevada*, 861 F. Supp. 2d 1044 (ND Cal 2012) (vexatious finding and pre-

Page 10    **PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT AND FOR AN ORDER SUBJECTING FURTHER SUBMISSIONS TO A PRE-FILING REVIEW**

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

filing review order upheld); *Subramanian v. St. Paul Fire & Marine Ins.*, 494 Fed. Appx. 817 (9th Cir 2012) (vexatious finding and pre-filing review order upheld); *Hernandez v. Fed. Home Loan Mortgage Corp.*, 663 Fed. Appx. 518 (9th Cir 2016) (vexatious finding and pre-filing review order upheld); *Basile v. Los Angeles Film Sch., LLC*, 827 Fed. Appx. 649 (9th Cir 2020) (vexatious finding and pre-filing review order upheld).[2]

### B.    The Court's Authority is Based on Federal Statutes

Courts in the Ninth Circuit have based this type of relief on at least three grounds. *First*, 11 U.S.C. § 105, *Power of the Court*, provides that "the court may issue any order… that is necessary or appropriate to carry out the provisions of this title" or is "appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."  11 U.S.C. § 105(a).  *Second*, the All Writs Act, 28 U.S.C. § 1651, similarly provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  *Third*, Federal Rule of Civil Procedure 11 provides that when submitting any "pleading, written motion, [or] other paper" to the court, the party making the submission, whether represented by counsel or not, is certifying that he is not

---

[2] The law is the same in every other circuit.  *See Gordon v. U.S. Dep't of Justice*, 558 F.2d 618 (1st Cir 1977) (vexatious finding, injunction upheld); *Matter of Hartford Textile Corp.*, 681 F.2d 895 (2d Cir 1982) (filing restrictions imposed, vexatious finding, injunction upheld); *Mikkilineni v. Gibson Thomas Eng'g Co., Inc.*, 379 Fed. Appx. 253 (3d Cir 2010) (vexatious finding, injunction upheld); *Emrit v. Special Agent in Charge of FBI Field Office*, 2023 WL 6972447 (4th Cir Oct 23, 2023) (vexatious finding, injunction imposed); *Matter of Carroll*, 850 F.3d 811 (5th Cir 2017) (vexatious finding, pre-filing injunction upheld, sanctions imposed); *United States ex rel. Odish*, 843 Fed. Appx. 748 (6th Cir 2021) (vexatious finding, sanctions imposed); *Srivastava v. Marion Cnty. Election Bd.*, 125 Fed. Appx. 57 (7th Cir 2005) (vexatious finding, injunction upheld); *O'Grady v. Anoka Cnty. Bd. of Comm'rs*, 333 Fed. Appx. 147 (8th Cir 2009) (vexatious finding, injunction upheld); *Blaylock v. Tinner*, 543 Fed. Appx. 834 (10th Cir 2013) (filing restriction imposed, vexatious finding) *Snyder v. Goble*, 2025 WL 484876 (10th Cir Feb 13, 2025) (vexatious finding, filing restriction upheld).

Page 11   **PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT AND FOR AN ORDER SUBJECTING FURTHER SUBMISSIONS TO A PRE-FILING REVIEW**

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

presenting the filing "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and also that "the factual contentions have evidentiary support." Relief is warranted here based on any one of these three provisions.

In *McMahon v. Pier 39 Ltd. Partnership*, 2003 WL 22939233 (N. D. Cal. Dec. 5), the district court for the Northern District of California relied on both Rule 11 and the All Writs Act to declare a party in that case to be a vexatious litigant and denied his request to submit further amended pleadings. The court noted that much of what that party had filed constituted "a rehash of issues and facts that [had] previously been fully litigated and were not warranted by existing law or by a non-frivolous argument for the extension, modification or reversal of existing law or the establishment of new law." *Id*. at *8. The court emphasized that "[b]y continually repeating allegations that have already been decided against him, the court finds that plaintiff has used the state and federal courts to harass the defendants." *Id.* In awarding sanctions and other appropriate relief, the court noted that, based on the record, the court did not believe the litigant was "likely to stop filing actions against defendants unless he [was] appropriately enjoined." *Id.* The misconduct at issue in *McMahon* is similar to what Defendant has engaged in here. If it was appropriate to declare the plaintiff in *McMahon* to be a vexatious litigant and to enjoin him from filing further harassing pleadings, the same relief is more than appropriate here.

### 4.    Narrowly-Tailored Relief

Plaintiff is requesting nothing more than the precise type of relief awarded dozens of times over the course of decades -- an order that because Defendant has engaged in vexatious litigation tactics any further filings he makes in this case, or related cases, shall not be docketed

Page 12    **PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT AND FOR AN ORDER SUBJECTING FURTHER SUBMISSIONS TO A PRE-FILING REVIEW**

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

unless approved by the Court after a pre-filing review.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully asks that her motion be granted.

DATED this 20th day of March, 2025.

Respectfully submitted,

**PITZER LAW**

*/s/ Jeff S. Pitzer*
Jeff S. Pitzer, OSB No. 020846
jpitzer@pitzerlaw.net
210 SW Morrison St., Suite 600
Portland, OR  97204
Telephone: (503) 227-1477

**Counsel for Plaintiff Debra Powell**

Page 13   **PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT AND FOR AN ORDER SUBJECTING FURTHER SUBMISSIONS TO A PRE-FILING REVIEW**

Pitzer Law
210 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 227-1477

<u>**CERTIFICATE OF SERVICE**</u>

Jeff S. Pitzer, an attorney, hereby certifies that on March 20, 2025, he caused a copy of the foregoing **PLAINTIFF'S MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGANT AND FOR AN ORDER SUBJECTING FURTHER SUBMISSIONS TO A PRE-FILING REVIEW** to be served on the following parties via email:

| | |
|---|---|
| John Dennis Rasmussen<br>10805 Island Ave<br>Island City, OR 97824<br>Email: jdr@oregonwireless.net<br><br>***Pro Se* Defendant** | Ian Rasmussen<br>10805 Island Ave<br>Island City, OR 97824<br>Email: itr@8091@outlook.com<br><br>***Pro Se* Defendant** |

*/s/ Jeff S. Pitzer*
Jeff S. Pitzer, OSB No. 020846