John D. Rasmussen
Defendant Pro Se
c/o P.O. Box 3093
LaGrande, Oregon 97850

FILED24-PR'26 .045USDC-ORF

UNTIED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| **DEBRA POWELL**, an individual<br><br>Plaintiff<br><br>vs.<br><br>**JOHN DENNIS RASMUSSEN**, an<br>individual **COLTON RASMUSSEN**,<br>an individual, **IAN RASMUSSEN**,<br>an individual,<br><br>Defendants<br><br>And<br><br>**TERRA MAGIC, INC.,** an Oregon<br>Corporation, and **TERRA MAGIC SEEDS,<br>LTD.,** an Oregon corporation<br><br>Nominal Defendants | **Case No. 2:19-cv-1077-JR**<br><br>**DEFENDANT'S NOTICE TO THE COURT<br>REGARDING MATERIAL ENVIRONMENTAL<br>CONDITION OF SUBJECT PROPERTY AND<br>REQUEST FOR ORDER COMPELLING<br>PRODUCTION OF DOCUMENTS** individual, |

John D. Rasmussen,

Real Party in Interest (RPII)

Defendant, John D. Rasmussen, appearing Pro Se, respectfully submits this Notice to

Page 1, (J.D. Rasmussen), Defendants Notice to the Court Regarding Material Environmental Condition of Subject Property and Request for Order Compelling Production of Documents.

the Court to disclose a material environmental condition affecting the real property located at 1621 N. Spruce St., La Grande, Oregon 97850 (hereinafter "the Property"), which is the subject of the above-captioned litigation, and to request that the Court compel Plaintiff Debra Powell and her husband Scott Powell to produce documents in their possession relevant to this matter.

## I. BACKGROUND

1.      Terra Magic Seeds LLC (subsequently LTD.), previously purchased the Property from Del Monte Corp. At the time of that purchase, it was disclosed that the Property contained asbestos-containing materials, specifically located in the roof of the warehouse and in the floor tiles of the office building as well as other areas of the buildings. [Exhibit B, selected pages of "Agreement of Sale and Purchase].

2.      As part of that transaction, Terra Magic Seeds LLC, expressly agreed to accept and assume all liability associated with the asbestos present in the Property. Defendant is in possession of written correspondence between Scott Powell representing Terra Magic Seeds LLC and Del Monte Corp. confirming this assumption of liability. [see Exhibit A].

3.      The original disclosure documents relating to the asbestos condition have been lost, destroyed or perhaps never placed with Terra Magic Seeds LLC. The title company that handled the closing of the sale has confirmed that it retains no records beyond seven (7) years. A search of Union County records revealed no notation of the asbestos condition attached to the recorded title, though Defendant has obtained a copy of the warranty deed. [Exhibit C].

## II. PURPOSE OF THIS NOTICE

4.      The Property is currently under a purchase agreement with a prospective buyer, who must exercise his option to purchase or decline no later than May 1, 2026. Defendant has a legal and ethical obligation to disclose all known material defects to any prospective buyer prior to the completion of any sale.

5.      Defendant brings this matter to the Court's attention because the Court-appointed custodian Brett MacNeil of Scythe and Spade Co., commissioned an environmental assessment of the Property which, to Defendant's knowledge, does not reflect or reference the known asbestos condition of the Property. Defendant respectfully submits that the Court and the custodian should be made aware of this omission so that the record before the Court is accurate and complete, and that the potential buyer is fully informed about the Property.

6.      Defendant files this Notice in good faith and in furtherance of full transparency with the Court, and to ensure that no future liability for failure to disclose can be attributed to Defendant. Defendant expressly disclaims any intent to conceal, minimize, or misrepresent the environmental condition of the Property.

## III.  REQUEST FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS

7.      Defendant has reason to believe that Plaintiff Debra Powell and/or her husband Scott Powell are in possession of documents relating to the original asbestos disclosure made in connection with the purchase of the Property from Del Monte Corp., including but not limited to the disclosure forms, inspection reports, environmental assessments, and correspondence pertaining to the known asbestos condition.  [Exhibit D, F, E, I].

8.      These documents are directly relevant to the present litigation, to the pending sale of the Property, and to the Court's ability to make fully informed decisions regarding the Property and the custodianship thereof.

9.      Defendant respectfully requests this Court enter an Order directing Plaintiff Debra Powell and Scott Powell to produce all documents in their possession, custody or control relating to any asbestos disclosure, environmental condition, or assumption of liability pertaining to the Property located at 1621 N. Spruce St., La Grande, Oregon 97850, within a reasonable time set by the Court.

## IV.  RELIEF REQUESTED

For the foregoing reasons, Defendant John D. Rasmussen respectfully requests that the Court:

a.      Accept this Notice as a formal disclosure of the asbestos condition present at the Property located at 1621 N. Spruce St., La Grande, Oregon 97850;

b.      Direct the Court-appointed custodian, Brett MacNeil of Scythe and Spade Co., to supplement or correct the environmental assessment of the Property to reflect the known asbestos condition;

c.      Enter an Order compelling Plaintiff Debra Powell and Scott Powell to produce all documents in their possession relating to any asbestos disclosure, environmental condition report, or assumption of environmental liability pertaining to the Property; and

d.      Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of April , 2026.

John D. Rasmussen
Defendant, Pro Se

Page 3, (J.D. Rasmussen), Defendant's Notice to the Court Regarding Material Environmental Condition of Subject Property and Request for Order Compelling Production of Documents.

Exhibit A

Ray Volan
Del Monte


Reference: 3.5-acre seed cleaning plant in La Grande, Oregon

Dear Ray:

In accordance with your telephone conversation with Dennis Rasmussen, Terra-Magic, Inc. (Terra) would like to make an offer to purchase the 3.5-acre seed cleaning plant in La Grande, Oregon. Terra has a long-standing relationship with Del Monte as a grower for decades and we look forward to improving upon that relationship.

Terra has decided to build a seed cleaning facility and warehouse.  After reviewing the cost of building a facility on the ranch, and comparing it with the possibility of purchasing your existing facility in La Grande we would like to pursue the purchase of your facility.

We understand that Del Monte wants to sell the facility but that they need to maintain an office there.  This would maintain the historic location in the Grande Ronde Valley for Del Monte.  The facility is large and preserves the perceived presence as a substantial company, where moving the office to a new location may indicate a remote broker situation.

Del Monte would also benefit because of Terra-Magic, Inc. close relation ship.  Terra would be willing to provide services to Del Monte at the standard fee where applicable, and to provide nonstandard services at cost plus 20%.  This would allow Del Monte to continue business as usual at the La Grande Location.  Del Monte would also have a second choice for receiving peas in the Valley.  The small seed mill would be available to care for the spinach crop.  The dryer would be available if needed for the corn seed crop.  In addition Terra's newly installed cleaning line may save the current cost of shipping product to Idaho Falls, Idaho.

Because Terra plans to use the facility for agricultural purposes, the asbestos content in the warehouse roof will not have to be corrected at present.  The asbestos cleanup in the 20,560 sq ft warehouse roof will range between $61,680 to $102,800 according to price estimates received. The 1,850 sq ft office floor tile may need to be removed now at $4,625 to $9,250 according to the current estimates.  The electrical wiring needs to be replaced in the warehouse.  In addition dust control will have to be added because of the reinstalled cleaning equipment.

We understand that the book value for the facility is $358,000 and that your current asking price is $400,000.  Terra is willing to rent the current office space used by Del Monte, to Del Monte for the next two years at $250 per month, which is a substantial savings.  Terra will accept the future liability of asbestos removal from the roof and floor tile, which is an estimated $89,000 savings to Del Monte.  Terra will also contract services to Del Monte as outlined above, allowing the public to view Del Monte as operating as usual.  In return Terra would like to purchase the facility for $290,000.

Please let us know when you would like to complete the transaction.

Thank you
Scott Powell
Vice President
Terra-Magic, Inc.
Tel 303 627 0320
Fax 303 627 0116

Exhibit B

# AGREEMENT OF PURCHASE AND SALE

by and between

## TERRA MAGIC SEEDS, LLC,

an Oregon limited liability company

("Buyer")

and

## DEL MONTE CORPORATION,

a New York corporation

("Seller")

9.    **CONSUMMATION OF TRANSACTION THROUGH ESCROW**. The parties shall consummate the transaction under this Agreement through the Escrow established at the offices of Title Company. The parties shall use best efforts to submit mutually acceptable Escrow instructions no later than five (5) days prior to the date the Close of Escrow takes place. The parties shall make the following deposits and close the Escrow in the following manner:

    **9.1**    **Seller's Deliveries in Escrow**. On or prior to the Closing Date, Seller shall deliver in escrow to the Escrow Holder the following duly executed documents:

        **(a)**    **Deed**. A deed conveying to Buyer good, indefeasible and marketable fee simple title to the Property subject only to the Permitted Exceptions (the "Deed").

        **(b)**    **Bill of Sale of Personal Property**. Such assignments and other documents and certificates as Buyer may reasonably require in order to fully and completely transfer and assign to Buyer all of Seller's right, title, and interest, in and to the Personal Property in the form attached as Exhibit J.

        **(c)**    **State Law Disclosures**. Such disclosures and reports required by applicable state and local law in connection with the conveyance of real property.

        **(d)**    **FIRPTA**. A Foreign Investment in Real Property Tax Act affidavit executed by Seller. If Seller fails to provide the necessary affidavit and/or documentation of exemption on the Closing Date, Buyer may proceed with withholding provisions as provided by law.

        **(e)**    **Authority**. Evidence of existence, organization, and authority of Seller and the authority of the person executing documents on behalf of Seller reasonably satisfactory to the Escrow Holder, and the Title Company.

        **(f)**    **Additional Documents**. Any additional documents that Buyer, the Escrow Holder or the Title Company may reasonably require for the proper consummation of the transaction contemplated by this Agreement.

    **9.2**    **Buyer**. Buyer shall deposit into Escrow not later than two (2) business days before the Closing Date: (i) the Purchase Price, together with such other funds as are required to pay Buyer's share of closing costs and prorations, all in immediately available funds; and (ii) such other documents as are necessary to close the Escrow in accordance with the terms and conditions of this Agreement, including appropriate escrow instructions. Buyer's failure to make such deposits into Escrow or failure to take any other action necessary to close the Escrow in conformance with this Agreement, unless Seller is in then in default of the Agreement, shall be a default under this Agreement.

    **9.3**    **Close**. The Close of Escrow shall occur on the Closing Date at the offices of the Escrow Holder. Close of Escrow shall occur through an escrow with the Escrow Holder. Funds shall be deposited into and held by Escrow Holder in a closing escrow account with a bank satisfactory to Buyer and Seller. Upon satisfaction or completion of all closing conditions and deliveries, the parties shall direct the Escrow Holder to immediately record and deliver the closing documents to the appropriate parties and make disbursements according to the closing

002424.0026\625903.3

7

statements executed by Seller and Buyer. The Escrow Holder shall agree in writing with Buyer that (1) recordation of the Deed constitutes its representation that it is holding the closing documents, closing funds and closing statements and is prepared and irrevocably committed to disburse the closing funds in accordance with the closing statement and (2) release of funds to the Seller shall irrevocably commit it to issue the Title Policy in accordance with this Agreement. Title Company shall close Escrow by performing the following steps in the order set forth below:

(a)    **Record Deeds**. Recording the Deed or Deeds in the appropriate official records of Union County and delivering them to Buyer;

(b)    **Purchase Price**. After deducting Seller's share of other closing costs and prorations, paying the balance of the Purchase Price to or for the account of Seller; and

(c)    **Conformed Copies**. Delivering to each party conformed copies of all documents and instruments deposited by either party in Escrow under this Paragraph 9.

9.4    **Costs and Fees**. Seller shall pay for the cost of a Basic ALTA policy of title insurance in the amount of the Purchase Price. Buyer shall pay for the entire cost of an Extended ALTA policy of title insurance in the amount of the Purchase Price and the additional cost of any endorsements to the title policy desired by Buyer. Buyer and Seller shall pay title, recording, escrow and closing costs in accordance with industry custom in the City of La Grande, Union County, Oregon.

9.5    **Proration of Taxes and Assessments**. Current non-delinquent real estate taxes and interest on assessments shall be prorated between Buyer and Seller on the basis of a thirty (30) day month.

9.6    **Delivery of Possession**. Upon the Close of Escrow, Seller shall deliver to Buyer exclusive possession of the Property, free and clear of any rights, claims or occupancy of third parties, subject, however, to the Permitted Exceptions.

9.7    **Title Policy**. The Escrow Holder shall deliver to Buyer the Title Policy pursuant to Paragraph 5.6.

10.    **HAZARDOUS MATERIALS; AS-IS SALE.**

10.1    **Hazardous Materials**. For purposes of this Agreement, "Hazardous Materials" shall mean substances which are (1) flammable; explosive; corrosive; radioactive; or toxic; or (2) defined as hazardous substances, hazardous materials, toxic substances or hazardous wastes in the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (42 U.S.C. §9601 et seq.); the Hazardous Materials Transportation Act (49 U.S.C. §1801 et seq.); the Resource Conservation and Recovery Act of 1976 (42 U.S.C. §6901 et seq.); under equivalent environmental laws of the State of Oregon; and all amendments adopted to these federal and state laws, and all regulations and publications promulgated pursuant to these federal and state laws in effect on the Close of Escrow; and all amendments adopted to these federal and state laws, and all regulations and publications promulgated pursuant to these federal and state laws in effect on the Close of Escrow; or (3) defined as "waste" under Oregon law; or (4) asbestos containing materials defined and described in Environmental Protection Agency Report

No. 56/5-85/024 (June 1985), or any related or successor report, or other applicable government regulations (including but not limited to Title 40, Code of Federal Regulations, Part 61, Subpart M) defining or describing such materials issued on or before the Closing Date; or (5) petroleum, including crude oil or any fraction thereof, and natural gas, natural gas liquids, liquefied natural gas, or synthetic gas usable for fuel, or the ash produced by a resource recovery facility utilizing a municipal solid waste stream;); or (6) any mixture that includes any substance listed above.

**10.2    Release**.  For purposes of this Agreement, "Release" shall mean any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment (including the abandonment or discarding of barrels, containers, and other closed receptacles containing Hazardous Materials); provided such Release originates at the Property.

**10.3    Environmental Reports.**  Seller, at its expense, has caused to be prepared by a professional environmental consulting firm a Phase I Environmental Site Assessment Report ("Phase I Report").  Seller shall deliver the Phase I Report to Buyer on or before two (2) days after the Effective Date.  If Buyer wishes to have a Phase II Environmental Site Assessment Investigation ("Phase II Investigation") or other testing conducted and a Phase II Environmental Site Assessment Report ("Phase II Report") prepared, then Buyer shall notify Seller within fifteen (15) days after Seller provides the Phase I Report to Buyer.  Any Phase II Investigation, Phase II Report or other testing, sampling or investigation requested by Buyer will be called "Buyer's Additional Tests".  Seller shall perform Buyer's Additional Tests at Buyer's sole expense in accordance with Buyer's specifications, utilizing consultants designated by Seller and reasonably approved by Buyer, and shall provide Buyer with the results of such testing, sampling or inspection within five (5) days of receipt.  In no event shall the Close of Escrow be extended because of Buyer's rights to request further testing, sampling or inspections as provided in this Paragraph.  Buyer hereby approves the selection of Cascade to perform Buyer's Additional Tests.

**10.4    Release of Liability**.  Buyer hereby releases Seller and its officers, directors, partners, shareholders, employees and agents (collectively, the "Seller's Group") from all claims, demands (including any clean-up order, monitoring order, testing order, remediation order, or other orders of any kind or nature issued by an appropriate governmental agency or authority), actions, administrative proceedings, costs, liabilities, judgments, damages, fines, encumbrances, liens, penalties, liabilities (including any sums paid by the Buyer in settlement of claims which are approved by Seller prior to such settlement) and expenses (including costs and expenses reasonably incurred to investigate and defend claims, whether or not such claim is ultimately defeated, and costs and expenses reasonably incurred for consultants, court fees, administrative fees, expert witness fees, and attorneys' fees) of whatever kind or nature, contingent or otherwise, matured or unmatured, foreseeable or unforeseeable (collectively referred to as "Claims"), which arise out of or relate to Hazardous Materials that were present or were placed on the Property prior to the Close of Escrow or Releases on or from the Property which took place prior to the Close of Escrow.  The release in this Paragraph 10.4 shall not apply to Claims concerning Hazardous Materials or Releases if Seller knowingly withheld information or knowingly provided false information about such Hazardous Materials to Buyer.

**10.5    Buyer's Indemnity**. Buyer hereby covenants and agrees to indemnify, protect, defend, reimburse and hold harmless the Seller's Group from and against any and all Claims, which arise from or relate to Hazardous Materials that were placed on, under or about the Property after the Close of Escrow or Released on or from the Property after the Close of Escrow.

**10.6    Survival of Provisions**. The provisions of this Paragraph 10 shall survive the Close of Escrow and the delivery of the Deed and other documents.

## 11.    SELLER'S REPRESENTATIONS AND WARRANTIES.

**11.1    Representations and Warranties**. As a material inducement to Buyer to execute this Agreement and consummate this transaction, Seller represents to Buyer and warrants that as of the date of this Agreement and as of the Closing Date:

**(a)    Authority**. Seller has been duly organized and is validly existing as a New York corporation, is in good standing in the state of its organization and is qualified to do business and is in good standing, in the state in which the Property is located. This Agreement has been, and the documents to be executed by Seller pursuant to this Agreement will be, authorized and properly executed and does and will constitute the valid and binding obligations of Seller, enforceable against Seller in accordance with their terms.

**(b)    Conflicts and Pending Actions or Proceedings**. To Seller's knowledge there is no agreement to which Seller is a party or binding on Seller which is in conflict with this Agreement. To Seller's knowledge there is no action or proceeding pending or threatened against or relating to the Property or which challenges or impairs Seller's ability to execute or perform its obligations under this Agreement.

**(c)    Condemnation**. To Seller's knowledge, no condemnation, eminent domain or similar proceedings are pending or threatened with regard to the Property.

**(d)    Notice of Special Assessments**. To Seller's knowledge Seller has not received any notice and has no knowledge of any pending or threatened liens, special assessments, condemnations, impositions or increases in assessed valuations to be made against the Property by any governmental authority, except for increases which may occur as a result of the transaction described in this Agreement.

**(e)    Zoning**. To Seller's knowledge, the Property is currently zoned M-2 (Heavy Industrial) and Seller has no knowledge of any pending or threatened zoning change.

**(f)    Environmental**. Except as disclosed in the Property Data, Seller has not received any notice of any contamination or Release of Hazardous Materials concerning the Real Property from any governmental agency and the Property Data includes all written reports received by Seller concerning Hazardous Materials on or under the Property.

**(g)    Agreements with Governmental Authorities/Restrictions**. To Seller's knowledge except as included in the Property Data delivered to Buyer, Seller has not

# EXHIBIT H

## HAZARDOUS MATERIALS TEST ACKNOWLEDGEMENT

See attached

002424.0026\625903.3

Exhibit C

20031205

AT 39133

| | |
|---|---|
| DEL MONTE CORPORATION<br>Po Box 193575<br>San Francisco, CA 94119<br>    Grantor's Name and Address | STATE OF OREGON,<br>COUNTY OF UNION<br><br>I CERTIFY THAT THE WITHIN INSTRUMENT WAS RECEIVED FOR<br>RECORDING ON _____, AT _____ O'CLOCK _____.M.,<br>AND RECORDED IN BOOK/REEL/VOLUMNE NO. _____ ON |

DEL MONTE CORPORATION
Po Box 193575
San Francisco, CA 94119
    Grantor's Name and Address

TERRA MAGIC SEEDS, LLC
**C/O David R. Grein**
888 S.W. Fifth Avenue, Suite 1000
Portland, OR 97204
    Grantee's Name and Address

AFTER RECORDING RETURN TO AND
MAIL ALL TAX STATEMENTS TO:
**TERRA MAGIC SEEDS, LLC**
**c/o David R. Grein**
**888 S.W. Fifth Avenue, Suite 1000**
**Portland, OR 97204**

**Escrow Number 160200185**
**Title Order Number 39133**
**APN: 1321**

STATE OF OREGON,
COUNTY OF UNION

I CERTIFY THAT THE WITHIN INSTRUMENT WAS RECEIVED FOR
RECORDING ON _____, AT _____ O'CLOCK _____.M.,
AND RECORDED IN BOOK/REEL/VOLUMNE NO. _____ ON
PAGE _____ AND/OR AS
FEE/FILE/INSTRUMENT/MICROFILM/RECEPTION NO.
_____, RECORDS OF THIS COUNTY.

WITNESS MY HAND AND SEAL OF COUNTY AFFIXED.

_____
       NAME              TITLE

BY _____, DEPUTY.

SPACE RESERVED FOR RECORDER'S USE

## WARRANTY DEED

**KNOW ALL BY THESE PRESENTS** that **DEL MONTE CORPORATION, a Delaware corporation, formerly know as SKF Foods, Inc., a Delaware corporation, successor by merger to DEL MONTE CORPORATION, formerly California Packing Corporation, a New York corporation**, hereinafter called the grantor, for the consideration hereinafter stated, to grantor paid by **TERRA MAGIC SEEDS, LLC, an Oregon limited liability company**, hereinafter called the grantee, **does hereby convey and warrant** unto the grantee and grantee's heirs, successors and assigns, that certain real property, with the tenements, hereditaments and appurtenances thereunto belonging or in any way appertaining, situated in **Union County, State of Oregon**, described as follows, to-wit:

**BEGINNING AT A POINT ON THE EAST LINE OF THE ALLEY IN BLOCK 16 OF WILLIAMSON'S ADDITION TO LA GRANDE, OREGON, SAID POINT BEING 140 FEET NORTHERLY OF THE NORTH LINE OF BLOCK 25 OF SAID WILLIAMSON'S ADDITION; THENCE EASTERLY IN A STRAIGHT LINE TO THE MOST NORTHERLY CORNER OF THE TRACT OF LAND CONVEYED TO CALIFORNIA PACKING CORPORATION (DEED BOOK 113, PAGE 414, RECORDS OF UNION COUNTY, OREGON), SAID POINT BEING 200 FEET MEASURED AT RIGHT ANGLES FROM THE NORTH BOUNDARY LINE OF THE RIGHT-OF-WAY OF THE JOSEPH BRANCH OF THE OREGON-WASHINGTON RAILROAD AND NAVIGATION COMPANY (UNION PACIFIC RAILROAD COMPANY); THENCE IN A SOUTHEASTERLY DIRECTION TO THE NORTH LINE OF SAID RIGHT-OF-WAY AT A POINT LOCATED SO THAT BOUNDARY LINE LAST DESCRIBED SHALL BE PERPENDICULAR TO THE BOUNDARY LINE OF SAID RIGHT-OF-WAY; THENCE SOUTHWESTERLY ALONG THE NORTH BOUNDARY LINE OF SAID RIGHT OF WAY TO THE NORTHERLY LINE OF MONROE STREET; THENCE NORTHWESTERLY ALONG SAID NORTHERLY BOUNDARY LINE OF MONROE STREET TO THE EAST BOUNDARY LINE OF SPRUCE STREET; THENCE NORTH ALONG THE EAST LINE OF SPRUCE STREET TO THE NORTHWEST CORNER OF**

Warranty Deed 1 of 3

SAID BLOCK 25 OF WILLIAMSON'S ADDITION; THENCE EAST ALONG THE NORTH LINE OF SAID BLOCK 25, 122 FEET TO A POINT SOUTH OF THE POINT OF BEGINNING; THENCE NORTHERLY ALONG THE EAST LINE OF THE ALLEY IN BLOCK 16 OF SAID WILLIAMSON'S ADDITION TO THE POINT OF BEGINNING.

SITUATE IN THE CITY OF LA GRANDE, UNION COUNTY, OREGON.

Subject to and excepting: (a) that certain Easement, dated June 15, 1953, granted to California-Pacific Utilities Company and recorded in Book 130, page 636 of the real property records of Union County, Oregon; and (b) that certain Easement, dated August 22, 1969, granted to California-Pacific Utilities Company and recorded in the real property records of Union County, Oregon as Microfilm Document No. 24886.

The true and actual consideration paid for this transfer, stated in terms of dollars, is $ 350,000.00.

In construing this deed, where the contest so requires, the singular includes the plural, and all grammatical changes shall be made so that this deed shall apply equally to corporations and to individuals.

In witness whereof, the grantor has executed this instrument on **February 19, 2003**, if grantor is a corporation, it has caused its name to be signed and its seal, if any, affixed by an officer or other person duly authorized to do so by order of its board of directors.

THIS INSTRUMENT WILL NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS, BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES AND TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES AS DEFINED IN ORS 30.930.

SIGNATURE ADDENDUM ATTACHED

Warranty Deed 2 of 3

SIGNATURE ADDENDUM

DEL MONTE CORPORATION, a Delaware corporation

By: _____
Name:
Its:

By: _____
Name:
Its:

STATE OF CALIFORNIA, County of _____}ss.

This instrument was acknowledged before me on _____ by

_____ as

_____ of Del Monte Corporation, a Delaware

corporation.

_____
Notary Public for California
My Commission Expires: _____

Warranty Deed 3 of 3

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

State of California

County of San Francisco } ss.

On February 21, 2003 before me, Katherine Manning, Notary Public
<span style="font-size:smaller">Date</span>        <span style="font-size:smaller">Name and Title of Officer (e.g. "Jane Doe, Notary Public")</span>

personally appeared Thomas E. Gibbons
<span style="font-size:smaller">Name(s) of Signer(s)</span>

☑ personally known to me
☐ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

KATHERINE MANNING
Commission # 1392845
Notary Public - California
San Francisco County
My Comm. Expires Feb 5, 2007

_Signature of Notary Public_

───────────── **OPTIONAL** ─────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: Warranty Deed

Document Date: _____    Number of Pages: 3

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer**

Signer's Name: Thomas E. Gibbons

☐ Individual
☒ Corporate Officer — Title(s): SVP + Treasurer
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer Is Representing: Del Monte Corporation

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org    Prod. No. 5907    Reorder: Call Toll-Free 1-800-876-6827



STATE OF OREGON

County of Union } SS

I certify that this instrument was received and recorded in the book of records of said county.

R. NELLIE BOGUE HIBBERT,
Union County Clerk

by: _____ Deputy.
DOC#:   20031205
RCPT:     54947        42.00
2/28/2003 10:00 AM
REFUND:               .00

Exhibit D



**PARSONS FARNELL & GREIN, LLP**
ATTORNEYS AT LAW

888 SW Fifth Avenue • Suite 1000
Portland, OR 97204-2024
(503) 222-1812 • FAX: (503) 274-7979
www.pfglaw.com

DAVID E. GREIN
LL.M. in taxation
Admitted in Oregon and Washington
E-Mail Address: dgrein@pfglaw.com

IN REPLY PLEASE REFER
TO FILE NO.: 5973.005

March 4, 2003

Debra Powell, Manager
Scott Powell
Terra Magic Seeds, LLC
19331 East Tufts Circle
Centennial, CO 80015-5820

Dennis Rasmussen, Manager
Terra Magic Seeds, LLC
PO Box 3093
LaGrande, OR 97850

Re:    Del Monte Property Acquisition

Dear Debbie, Scott and Dennis:

Enclosed in Debbie's and Scott's copy of this letter is a refund check in the amount of $409.60 from Chicago Title Company and a binder containing the closing documents for the Del Monte real property purchase. We have kept a copy of the documents for our file.

With a copy of this letter, we are sending a copy of the documents to Harley Roberts for his file. Please call me if you have any questions.

Very truly yours,

David E. Grein

Enclosures
cc:    Harley C. Roberts, Jr., CPA (w/encls.)

O:\5973005\0031 kjb ltr clients.wpd

Exhibit E

From: Volan, Ray [Ray.Volan@delmonte.com]
Sent: Monday, July 15, 2002 3:55 PM
To: 'scottpowell@powellwater.com'
Cc: Balling, Steve; Kaserman, Paul; Metlen, Kim; John Dennis Rasmussen
Subject: RE: La Grande Seed Warehouse

Yes, you can prepare to store this year; however, I would like you not to
move onto the property until the License Agreement is signed.  I should be
able to e-mail you the License Agreement by late tomorrow.

I do not want you to cut a hole in the warehouse building until after the
close of escrow.  Also, any other minor changes to the warehouse building or
grounds that you require prior to the close of escrow require the approval
of either Kim, Paul or myself.

-----Original Message-----
From: Scott Wade Powell [mailto:scottpowell@powellwater.com]
Sent: Monday, July 15, 2002 12:08 PM
To: Volan, Ray
Cc: Balling, Steve; Kaserman, Paul; Metlen, Kim; John Dennis Rasmussen
Subject: RE: La Grande Seed Warehouse


Dear Ray:

Thank you for the e-mail.

I am assuming from our telephone conversation today that Terra-Magic, Inc.
can proceed today to prepare to store this years harvest by moving in
plywood bins and cement barriers.  I also understand that you do not want us
to cut an opening for farm trucks in the wall.

As we discussed Terra-Magic, Inc. anticipates that the dry land pea's will
be ready to harvest in less than two weeks.  We would like to clean and
prepare the storage area before harvest starts.

Thank you
Scott Powell

-----Original Message-----
From: Volan, Ray [mailto:Ray.Volan@delmonte.com]
Sent: Monday, July 15, 2002 12:02 PM
To: 'scottpowell@powellwater.com'
Cc: Balling, Steve; Kaserman, Paul; Metlen, Kim
Subject: LaGrande Seed Warehouse


To confirm our telephone conversation today, the following actions will take
place:

\*       I will send you a License Agreement, for you to sign, that will give you the right to use the Seed Warehouse for your operation while the Purchase and Sale Agreement, the bank lien release, Title Report, and other sale related issues are being completed.

\*       I will send you a Letter of Intent, for you to sign, that spells-out more specifically the business terms of the agreement including the Personal Property that will be included in the agreement.

\*       The Purchase and Sale Agreement document will then be drafted and sent to you for your signature.

\*       I will order a revised Title Report for your review.

\*       I will contact our bank to get a lien release that is currently against the property.

\*       I will send you any reports that we may have on the property.


I hope to get the License Agreement to you within two days.  Everything else may take three to four weeks to complete.

Please do not hesitate to call or e-mail me if you have any questions.

## EXHIBIT F

## PARTIES' ADDRESSES FOR NOTICE

Seller:

Del Monte Corporation
One Market Plaza
P.O. Box 193575
San Francisco, California 94119
(415) 247-3447  (415) 247-3263 (fax)
Attention:  Ray Volan

With a Copy To:

R. Zachary Wasserman, Esq.
Daniel B. Myers, Esq.
Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, California 94607
(510) 834-6600 (phone)  (510) 834-1928 (fax)

Buyer:

Terra Magic Seeds, LLC
Attn:  Scott Powell
19331 East Tufts Circle
Centennial, CO 80015-5820
(303) 627-0320 (phone)  (303) 627-0116 (fax)

With a copy to:

David E. Grien, Esq.
Hagen, Hirschy, DiLorenzo & Grien, P.C.
888 SW Fifth Avenue, 10th Floor
Portland, OR 97204-2024
(503) 222-1812 (phone)  (503) 274-7929 (fax)

002424.0026\625903.3

Exhibit G

# Fax Cover

From:

Debra R. Powell
President
Terra-Magic, Inc.
19331 East Tufts Circle
Centennial, Colorado 80015-5820
Tel 303 627 0320
Fax 303 627 0116
E-mail debrarpowell@attbi.com

July 18, 2002

To:

Ray Volan
Del Monte Foods
Tel 415 247 3447
Fax 415 247 3263

Dear Ray:

Attached you will find the signed copy of the La Grande Oregon warehouse license agreement that you faxed, with one change and the insurance certificate.

Under section 8 the combined liability insurance has been changed from $2,000,000 to $1,000,000 as you agreed with Scott Powell this morning.

A copy of the Certificate of Liability Insurance listing Del Monte Corporation as additional insured on the Terra-Magic, Inc policy.

Please initial the insurance amount change, sign the agreement, and return it back to me.

We appreciate your efforts in our behalf.

Sincerely
Debra R. Powell

Exhibit I

From: David E. Grein [DGrein@hhdglaw.com]
Sent: Friday, February 21, 2003 11:24 AM
To: scottpowell@powellwater.com
Cc: John D. Parsons; Remi Baptiste
Subject: RE: Terra Magic Inc. Loan

Scott:

Del Monte has tentatively agreed to a $60,000 /$290,000  allocation between the
personal property and realty.   You'll need a further allocation of the $290,000
between the buildings and the dirt.

We are getting down to the wire.  We need an e-mail from US Bank that it has no
title concerns, it is not going to request a lenders title policy or any
endorsements to the owners title policy, it will not be submitting escrow
instruction, it is not submitting a deed of trust to escrow; and that it stands
ready to fund the loan without condition when the escrow officer has all documents
necessary to close.

Let me know when you have a moment.   Thanks.

David

CONFIDENTIALITY NOTICE:  This message and any attachments to it are intended for use
only by the addressee(s), and may contain privileged or confidential information.
If you are not the intended recipient, you are not authorized to read, print, copy
or disseminate this message or any attachments to it, or to take any action based on
them.  If you have received this message in error, please notify me immediately by
telephone at (503) 222-1812, and permanently delete the original and any copy of
this message.

David E. Grein
Hagen Hirschy & Grein, P.C.
888 SW Fifth Avenue, Suite 1000
Portland, OR  97204-2024
Phone:  503-222-1812
Fax:  503-274-7979
e-mail:  dgrein@hhdglaw.com

## CERTIFICATE OF SERVICE

On or about this 21 st day of April, 2026, I ___John D. Rasmussen___

Did place the foregoing into the USPS Certified Mail or Hand Delivery, for service of process upon:


UNITED STATES DISTRICT COURT
DISTRICT OF OREGON, PORTLAND DIVISION
ATTN: CLERK
1000 S.W. Third Avenue
Portland, Oregon [97204]
USPS Certified Mail No. ___9589 0710 5270 2248 9556 68___

Jeff S. Pitzer
Pitzer Law
210 S.W. Morrison St., Suite 600
Portland, Oregon [97204]
USPS Certified Mail No. ___9589 0710 5270 2248 9556 82___

Brett Mac Neil
Scythe and Spade Co.
P.O. Box751
Grand View, Idaho 83624
USPS Certified Mail No. ___9589 0710 5270 2248 9543 88___

Ashley O'Toole
John J. Howard & Assoc. Real Estate
1207 Adams Avenue
La Grande, Oregon 97850
USPS Certified Mail No. ___Hand Delivered___

John D. Rasmussen, Process Server

Page 4, (J.D. Rasmussen), Defendant's Notice to the Court Regarding Material Environmental Condition of Subject Property and Request for Order Compelling Production of Documents.

J.D. Rasmussen
P.O. Box 3093
La Grande, OR 97850

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
**CERTIFIED MAIL**

9589 0710 5270 2248 9556 68

Retail



UNITED STATES
POSTAL SERVICE

97204

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
LA GRANDE, OR 97850
APR 22, 2026

**$12.42**

S2324W501312-10

U.S. Dist. Court
Dist. of Oregon, Portland Div.
1000 S.W. Third Ave.
Portland, Oregon 97204

Attn: Clerk